508 P.2d 41

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Eugene MYERS, Defendant and Appellant.**

**No. 12738.**

Supreme Court of Utah.

March 27, 1973.

D. Gilbert Athay, Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

This is an appeal from a conviction of the crime of forgery (a noncapital felony offense) and sentence pursuant thereto.

The defendant in his original brief makes only one assignment of error, viz.: The court below erred in continuing the trial in defendant's absence.

There is no dispute in the facts, and the evidence justified the verdict rendered. The trial of the case began December 16, and the state rested the next day. The defendant asked for and was granted a continuance until December 22 in order for an out-of-state witness to appear and testify. On the morning of the 22nd neither the witness nor the defendant could be found. The defendant was and at all times material herein had been at liberty on bail. He was in attendance of court during the first two days of the trial and voluntarily and intentionally absconded as soon as he was granted the five days' continuance of trial.

On the 22nd of December defendant's counsel moved for a mistrial on the ground that the court could not proceed in the absence of the defendant. Counsel informed the court that there were no witnesses to be called on behalf of the defendant, whereupon the court compelled him to rest the case. Arguments were made to the jury, and a verdict of guilty was returned. A bench warrant for the arrest of the defendant was issued forthwith and was served upon the defendant January 4 following.

Our statute [1] reads:

If the prosecution is for a felony, the defendant must be personally present at the trial, but if for a misdemeanor, the trial may be had in the absence of the defendant: . . .

What this statute means is that a trial involving a charge of felony cannot be commenced in the absence of the de-

1. Section 77-27-3, U.C.A.1953.

fendant. He is thus assured of notice of the commencement of the trial.

 It has been said that the requirement of the presence of the defendant in court at all stages of the trial proceeds on the presumption that he is in custody and must be brought before the court by the officer who detains him.[2] It is a right which belongs to every defendant. However, it is not absolutely necessary for a defendant who is at large upon bail or recognizance charged with a non-capital offense to be personally present in court during all of the proceedings at his trial.[3] It is a right which may be waived under certain circumstances.

In the administration of justice a court cannot be rendered helpless and impotent by the devious and cunning ways adopted by the defendant in this case. The great weight of authority sustains this proposition.[4] To hold to the contrary would permit a mischievously inclined defendant to profit by his own wrongdoing and would be unfair to those individuals accused of crime who are not inclined to abscond, because the courts would tend to revoke bail and hold all defendants in custody to assure their presence at all times during the trial.

 In this case the defendant had waived his right to be present in court and cannot be heard to complain because the court did not declare a mistrial.

Other assignments of error made by the defendant in a supplemental brief[5] are without merit.

We find no error on behalf of the trial court and, therefore, affirm the judgment.

CALLISTER, C. J., and TUCKETT and HENRIOD, JJ., concur.

CROCKETT, Justice (concurring specially):

I concur in affirming the conviction. However, the statement that "a trial involving a charge of felony cannot be *commenced* in the absence of the defendant" is not applicable to the facts of this case, and is therefore unnecessary to this decision.

The statute quoted, Sec. 77–27–3, U.C.A. 1953, must be looked upon in accordance with its purpose: that purpose is to confer a *right* upon a defendant to be personally present at and during the trial. I know of no reason why a defendant cannot voluntarily waive that right. Moreover, if he

2. Price v. State, 36 Miss. 531.

3. State v. Aikers, 87 Utah 507, 51 P.2d 1052 (1935).

4. See 21 Am.Jur.2d Criminal Law § 286, p. 317; Hanley v. State, 83 Nev. 461, 434

P.2d 440 (1968); Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500; Mulvey v. State, 41 So.2d 156 (Fla.1949).

5. This brief was filed after the case was discussed by the court.

can waive it *during* the trial, as the decision holds, I see no reason why he cannot waive it at any time, before, at the commencement, or during. The only precaution that should be required is to make sure that he had the opportunity to be present and that he voluntarily waived the right. The official records of the courts of this State show that this defendant has been many times involved in legal proceedings and is thus fully conversant with what his rights and obligations are. He voluntarily "ran out" on the trial, undoubtedly for the purpose of trying to circumvent the processes of justice. I therefore have no hesitancy in agreeing to the affirmance of his conviction.