**The STATE of Utah, Plaintiff and Respondent,**

v.

**James Russell ROSS, Defendant and Appellant.**

**No. 15088.**

Supreme Court of Utah.

Jan. 12, 1978.

---

Ronald C. Barker, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, Noall T. Wootton, Utah County Atty., Provo, for plaintiff and respondent.

WILKINS, Justice:

Defendant appeals from judgment entered in the Fourth District Court, on a jury verdict, convicting defendant of two counts of theft in exercising unauthorized control over two trailers in violation of Utah Code Annotated 1953, Section 76–6–404 and 76–6–412, as enacted, 1973. Defendant seeks reversal of his conviction on both counts or in the alternative, a new trial, and contends that the conviction was based on uncorroborated testimony of an accomplice in violation of Utah Code Annotated, 1953, Section 77–31–18. All statutory references are to Utah Code Annotated, 1953, unless otherwise indicated.

Jeff Dunn, testified that a horse trailer valued at $4,500 was missing from his business premises, the Saddle House in Orem, Utah, on March 12, 1976, and Mark Butler testified that a trailer valued at $3,500 was missing from his sales lot, Butler Motor Company, in Spanish Fork, Utah, on June 13, 1976. Richard Gibbs, in the role of an accomplice, testified in great detail concerning the theft of the two trailers by himself and the defendant.

Gibbs also testified that he had been granted immunity for this and other offenses as well as termination of his parole on a previous offense in exchange for his testimony at this trial.

Officer Halterman testified that Gibbs had originally approached him saying that he had information of a sizable matter; that he had often used Gibbs as a paid informant, and he had told Gibbs that he would do all he could for him if the information he had was significant; that he had not paid Gibbs any money on this occasion.

Officer Halterman testified that after Gibbs had implicated the defendant, the officer had, with a search warrant, obtained the telephone records of the defendant. Over defendant's objection, on the ground of a violation of the best evidence rule, the officer was allowed to testify that defendant's telephone record showed that there were charges to defendant's telephone for calls made around the date of the crimes, to the telephone number listed for a Mr. Burr in Salina, Utah, and to a public telephone in a hotel in Gunnison, Utah, owned by a Mr. Johnson. Following these leads, Officer Halterman went to Gunnison and Salina. The Butler trailer was discovered parked behind Johnson's hotel in Gunnison, Utah, and the Dunn horse trailer was discovered at the Burr Ranch, three miles west of Salina. The telephone records were not introduced into evidence.

Defendant contends that the only evidence presented in corroboration of the accomplice's testimony was Halterman's testimony concerning the telephone calls, and that the Court erred in denying defendant's motion for a directed verdict as the corrobo-

rating testimony was insufficient under Section 77–31–18. That section states:

> A conviction shall not be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself and without the aid of the testimony of the accomplice tends to connect the defendant with the commission of the offense; and the corroboration shall not be sufficient, if it merely shows the commission of the offense or the circumstances thereof.

This statute has been a part of the law of the state and territory of Utah since 1878, and is deeply imbedded in the wisdom of our system of law. As this Court stated in the case of *State v. Sinclair,* 15 Utah 2d 162, 389 P.2d 465 (1964):

> We recognize that an accomplice may be motivated to falsify because of a desire to blame someone else in connection with the crime; or in the hope of obtaining leniency; or the very fact that he is involved in crime may tend to impair his credibility. These combine to justify looking upon his testimony with caution and refusing to permit a conviction to rest upon his word alone, as our statute provides. At 389 P.2d 467–468.

We must indeed be cautious where, as here, there is not a mere hope of leniency, but evidence of a grant of immunity for this and all other crimes committed by the accomplice.

The State argues that evidence which tends to connect the defendant with the offense alleged, in addition to the officer's testimony of the contents of the telephone records, is present in this case and occurred in the cross-examination of the officer by defense counsel:

Q. From whom did Mr. Burr say he acquired the trailers?

A. Since that time I would have to say that he has implicated Mr. Ross.

Q. Where is he? Why isn't he here today?

A. I believe his attorneys advised him not to talk because he's facing eight felony counts.

Mr. Barker: I see. Okay. No further questions.

We find that defendant's objection to the officer's testimony during direct examination was proper. The admission of such testimony violated Rule 70, Utah Rules of Evidence, and the Court erred in overruling the objection as there was no showing which would sustain one of the exceptions to that rule, as set forth therein. Since the only other corroborating evidence shown in the record is generalized opinion testimony of the officer elicited on cross-examination, it is probable that his testimony concerning the telephone records had a substantial influence on the jury in rendering its verdict, and its admission was therefore prejudicial [1] to the defendant.

Other assignments of error are made by the defendant but as this issue is dispositive we do not discuss them here.

Reversed and remanded for a new trial.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.

---

1. Rule 4, Utah Rules of Evidence.