STATE of Utah, Plaintiff and
Respondent,

v.

Brent Randall LEE, Defendant
and Appellant.

No. 15121.

Supreme Court of Utah.

Sept. 8, 1978.

Brad Rich of Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Michael L. Deamer, Deputy Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Appeal from a sex case conviction. The defendant, Lee, at the time the jury was deliberating, was out on bail, and absent from the courtroom, when the trial judge, at the request of the jury, told them the time of day when the sun rose on the day of the alleged offense. Lee said this violated his constitutional rights.

His counsel correctly contends that constitutionally [1] and statutorily [2] and case-wide [3] defendant has a right to be present at all stages of the trial, —and a duty [4] as well; and that any communication between judge and jury should be in the presence of the accused, his counsel and the prosecutor.[5]

The State generally agrees, but says that the accused also has the right to waive such protective rules, and did so here because:

---

1. Utah Constitution, Art. I, Sec. 12.

2. Secs. 77–27–3 and 77–32–3, Utah Code Annotated 1953.

3. *State v. Myers,* 29 Utah 2d 254, 508 P.2d 41 (1973).

4. *State v. Aikers,* 87 Utah 507, 51 P.2d 1052 (1935); *State v. Stewart,* 56 Wis.2d 278, 201 N.W.2d 754 (1972); *Hopt v. People,* 110 U.S. 574, 4 S.Ct. 202, 28 L.Ed. 262; *Meece v. Com.,* 78 Ky. 586 (1880).

5. *State v. Burnetts,* 80 Ariz. 208, 295 P.2d 377 (1956).

1) The information was given to the jury, and that fact was known to defense counsel several hours before the jury returned into court, during which time counsel remained silent and raised no question as to the propriety of the information, until the verdict was pronounced, and thereafter objection was noted for the first time on a motion for new trial. The cases seem to be uniform in saying one cannot do that, and even if it were error to give the information to the jury during the voluntary absence of the defendant, it was harmless for the reason that the information was judicially noticed and was correctly stated. In *State v. Myers,* supra, cited by defendant, having to do with a right to be present, the court said "It is a right which may be waived under certain circumstances." [6] The Wisconsin Court [7] pointed out that it was a right and a duty to be present where the court confers with the jury, which right may be waived by voluntary absence, it being defendant's or counsel's duty to know what may and what may not affect his rights, while the court is in session.

2) The silence of defendant's counsel and failure to consult with the court or proceed by motion or otherwise before verdict to repair any prejudice which he claims a right to assert clearly appears to be a waiver of the right to be present. It would be a gamble with the outcome of a verdict if he could keep silent until the verdict was read, and thereafter claim error on the part of the court.

Such belated urgence aptly is reflected in the language of *State v. Buggs,* 219 Kan. 203, 547 P.2d 720, to the effect that:

"Where alleged juror misconduct claimed as prejudicial is known by the party or his counsel prior to the rendition of a verdict, and no objection is made, nor the matter brought to the court's attention, the party cannot later assert the misconduct as grounds for a new trial." and the same reasoning applies in a situation like the present matter.

The judgment is affirmed.

WILKINS, Justice (dissenting).

I dissent, believing that this case should be remanded for a new trial.

Defendant was convicted by a jury in the District Court of Salt Lake County of aggravated sexual assault in violation of Utah Code Annotated, 1953, Sec. 76–5–405, as amended. From that conviction, sentence thereon, and the denial of defendant's motion for a new trial, defendant appeals.

The District Judge in this case, in response to a request from the jury and in the absence of the defendant, his counsel, and the prosecutor, (the State concedes that the defendant and his counsel were not voluntarily absent and the record plainly discloses that the absence was with the Court's permission), sent in a note to the jury concerning the time of sunrise on the date of the alleged crime.

The crucial issue in this matter is whether the *defendant*—not his counsel—waived a constitutional right to be present at all stages of the trial or more precisely, whether the *defendant* waived a right to be present when the judge made a clearly improper communication to the jury by presenting to it information outside the presence of persons noted ante, which became evidence, and which is not even before us to examine. The record is silent concerning the matter of defendant's waiver and also silent concerning the contents of the information improperly submitted (we do not know the source of the judge's information concerning sunrise on the day in question or the time specified in the note written by him as to when sunrise occurred). Defendant claims this information could have influenced the jury as it may well have been interpreted in derogation of the testimony in defendant's case.

We cannot because of the record's silence on the information submitted even measure whether or not there was harmless error. As we are unable to do so, this Court should

6. 508 P.2d at 42.

7. *State v. Stewart,* supra, note 4.

not by this decision permit the presumption of prejudice which inheres when a constitutional right is violated[1] to be overcome in this case.[2]

MAUGHAN, J., concurs in the views expressed in the dissenting opinion of WILKINS, J.

---

1. Constitution of Utah, Art. I, Sec. 12 stated: "In criminal prosecutions the accused shall have the right to *appear and defend in person* and by counsel . . ." (Emphasis added).

2. See *State v. Scandrett,* 24 Utah 2d 202, 468 P.2d 639, 643 where this Court stated that the presumption can be overcome only by proving the burden of no prejudice beyond a reasonable doubt.