STATE of Utah, Plaintiff and Respondent,

v.

James Russell ROSS, Defendant and Appellant.

No. 17572.

Supreme Court of Utah.

Sept. 7, 1982.

Randy Scott Ludlow, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

The defendant was charged with six counts of theft,[1] in April, 1979. After commencement of the trial in Sevier County in December, 1979, he moved for a mistrial which was granted. The trial was reset for March 10, 1980. Trial proceeded for four days, when on the fifth day, defendant failed to appear. He was found in a Salt Lake City hospital suffering from a heart attack, diagnosed as minor. His doctor contacted the court and recommended a one-month continuance. Based on the doctor's recommendation, the case was continued until May 5, 1980.

The defendant again failed to appear having absconded in the interim. Defendant was arrested on other charges in Nebraska, but was released on bail and could have returned immediately to Utah, with Nebraska's consent, to continue the trial. The defendant refused to return, and even fought the extradition warrant.

The trial court found that the defendant absented himself voluntarily and continued the trial in absentia over objection of counsel. Defendant was convicted on all counts.

█ Counsel for defendant, on appeal, urges that the onus is on the State to show voluntariness of absence and lack of consent to a trial in absentia to satisfy one's constitutional right to "due process." No one denies the general principle involved, but if the State failed in any respect in its obligation to establish voluntariness, or waiver of consent, the defendant supplied any such void by his own actions which prevented his attendance at trial. As stated in *State v. Aikers:*[2]

The decisions turn on the question of whether the defendant was voluntarily absent at such times. In such cases it is generally held that the defendant cannot by his voluntary act invalidate the proceedings. [Citations omitted.]

█ The same reasoning and the same conclusion is inescapable as to defendant's argument that the jury may have suffered a lapse of memory in his self-imposed absence as to merit a mistrial. The burden of proving error in this regard is on the defendant.[3] There is nothing in the record that indicates any imperfection in the jury's memory processes. Documentary evidence was introduced that served as well as would a diary or journal if it had been kept. It may be fairly said that defendant has invited error by indulging in a conscious, deliberate act of absconding, which cannot be a basis for reversal.

█ An observation is made as to the defendant's claim that constitutionally he had been placed twice in jeopardy by the present trial which was a sequel to our reversal of defendant's prior conviction,[4] which he says was based on "insufficiency of the evidence." Actually, it was based on too much evidence, *i.e.,* the testimony of a peace officer on cross-examination that was not admissible under Rule 70 of the Rules of Evidence, and whose admission we considered sufficiently prejudicial as to warrant remand for a new trial—not an outright reversal.

Affirmed.

---

1. In violation of U.C.A., 1953, 76–6–404, *et seq.*

2. 87 Utah 507, 51 P.2d 1052 (1935).

3. *State v. Hamilton,* 18 Utah 2d 234, 419 P.2d 770 (1966).

4. *State v. Ross,* Utah, 573 P.2d 1288 (1978).