STATE of Utah, Plaintiff and Respondent,

v.

Hoyt GLENNY, Defendant and Appellant.

No. 18143.

Supreme Court of Utah.

Nov. 23, 1982.

2. See *1st OK Corporation v. Curtis,* Utah, 550 P.2d 157 (1976).

3. *Uptown Appliance and Radio Co. v. Flint,* 122 Utah 298, 249 P.2d 826 (1952).

Stephen Mark Stephens, Carson City, Nev., for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

**PER CURIAM:**

The defendant, convicted by a jury of forcible sodomy,[1] appeals to this Court on several grounds of claimed error allegedly committed at his trial.

Defendant first contends that the offense was not proved because the element of penetration was lacking. This point is without merit, since it is unnecessary to prove such element for conviction in this state.[2] Defendant's claim that an instruction on penetration should have been given is without substance for the same reason.

Defendant next claims error in not laying a foundation for the thirteen-year-old boy-victim's qualification as a witness. Our statute provides for disqualification[3] only of children under ten who cannot receive first impressions of the facts or relate them truly. Any others who can so receive such impressions and can make them known are competent.[4] The test of competency ordinarily is to be determined in the sound discretion of the trial judge, and is based on intelligence and maturity of the witness to understand questions put, to recall what happened and to know the difference and consequence between telling

---

1. In violation of U.C.A., 1953, § 76–5–403.

2. The statute does not require penetration as a necessary element of the offense. Touching, alone, is sufficient under U.C.A., 1953, § 76–5–407. Such requirement at common law is not applicable. *State v. Maestas,* Utah, 652 P.2d 903 (1982). See also U.C.A., 1953, § 76–1–105.

3. U.C.A., 1953, § 78–24–2.

4. U.C.A., 1953, § 78–24–1.

the truth or not.[5] The record clearly reflects that the victim-witness satisfied such requirement.

■ Defendant contends that it was error not to have required a recordation of the argument of the prosecutor to the jury. This assertion is without substance since defendant and his counsel made no request therefor, and have pointed to no statements claimed to have been prejudicial or beyond the accepted scope and latitude accorded the process of summation and comment.[6] Furthermore, the question of such transcription ordinarily is the prerogative of the trial judge.[7]

■ Another contention for reversal urged by defendant is denial of effective counsel. The record belies such claim. On the contrary, it reflects adequate professionalism, where the defendant does nothing more than to question the strategy of several of his counsel's conclusions as to what was the best procedure for his client.

The final urgence for reversal is perhaps more troublesome, but no more compelling or dispositive than those above. Defendant insists that his constitutional right to be present at all stages of the procedure was invaded when the jury was selected in his absence.

■ The right to be present at trial is conceded and guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States.[8] (Jury selection has been determined to be a part of the trial.[9]) However, the right is not absolute and may be waived by word or act of the person claiming it, as provided by statute[10] and precedent.[11]

■ The defendant was shown to the satisfaction of the trial court, his own counsel, and the prosecutor, to have been so intoxicated just before the selection of the jury that it would have been detrimental to his own interests to be present. Defendant's own attorney called the matter to the court's attention, but for the record made a general objection to the fact defendant would be prejudiced by his absence. On this note, with no further objection by defendant or his counsel until asserted on this appeal, the trial court revoked defendant's bail and proceeded with the selection of the jury. Immediately thereafter, the court recessed the trial until the following day, being satisfied that defendant would be sober for the remainder of the proceedings. No motion for a continuance had been made prior to the selection of the jury, and defendant's absence at the selection was not noted as a reason for a new trial or in arrest of judgment, nor was any showing offered specifically to demonstrate that defendant's absence was other than voluntary.

The language in *State v. Myers, supra,* points out in significant language the difficulty and inclination in provoking invited error where under such circumstances as here, one might designedly absent himself from even a small time frame of the trial process. No evidence suggests that defendant's absence was used as a means of obtaining a favorable advantage for either side. On the contrary, the prosecutor, defense counsel and the trial judge evidenced a mutual concern in sparing the defendant embarrassment or disfavor in the courtroom, because of his intoxication.

The verdict and judgment are affirmed.

HOWE, J., dissents.

5. *State v. Smith,* 16 Utah 2d 374, 401 P.2d 445 (1965).

6. *State v. Valdez,* 30 Utah 2d 54, 513 P.2d 422 (1973).

7. *State v. Gray,* Utah, 601 P.2d 918 (1979). See U.C.A., 1953, § 78–56–2.

8. *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970).

9. *State v. Carver,* 94 Idaho 667, 496 P.2d 676 (1972).

10. U.C.A., 1953, § 77–35–17.

11. *State v. Myers,* 29 Utah 2d 254, 508 P.2d 41 (1973).