**STATE of Utah, Plaintiff and Respondent,**

v.

**Gary T. COLES, Defendant and Appellant.**

**No. 19376.**

Supreme Court of Utah.

Aug. 15, 1984.

Ronald J. Yengich, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant appeals his conviction of driving under the influence, a Class B misdemeanor under U.C.A., 1953, § 41-6-44.

On July 2, 1982, defendant was stopped for speeding and arrested for driving under the influence of alcohol. At his arraignment hearing in circuit court on July 27, 1982, defendant entered a plea of not guilty and told the court he had retained Ronald Yengich to represent him. The court informed defendant that trial would be held on August 24, 1982. As instructed by the court, defendant notified Yengich of the trial date. Yengich filed a notice of appearance of counsel and a demand for jury trial.

On August 24, 1982, the case was called for trial. When defendant and his counsel did not appear, the jury was discharged, and defendant was tried to the court *in absentia*. After hearing the evidence, the circuit court found defendant guilty as charged.

Upon being informed of the conviction by letter, defendant moved to set aside the judgment for the reason that he had not been notified that the jury trial had been scheduled for August 24, 1982. The court denied the motion, ruling that at the arraignment hearing defendant had received personal notice of the date and time set for trial. The motion was renewed at the sentencing hearing on September 28, 1982. Defendant argued that he should not be deprived of his right to defend himself because of a mistake of counsel. The court again denied the motion and defendant was sentenced to serve 60 days in the county jail and to pay a fine of $299. On appeal to the district court, the conviction and sentence were affirmed.

Now before this Court on appeal defendant argues that he did not voluntarily absent himself from trial and hence that his constitutional right to appear and defend was violated. Since he has raised a constitutional issue, his circuit court conviction is reviewable by this Court. *State v. Taylor*, Utah, 664 P.2d 439 (1983).

The applicable statute, U.C.A., 1953, § 77-35-17(a)(2), provides as follows:

In prosecutions for offenses not punishable by death, the defendant's voluntary absence from the trial after notice to defendant of the time for trial shall not prevent the case from being tried and a verdict or judgment entered therein shall have the same effect as if defendant had been present.

Defendant argues that his absence at trial was not "voluntary" since he was acting on the advice of counsel. The reason defendant failed to appear was because his attorney had told him that trial would not be had on the date scheduled. Defendant was entitled to believe his attorney. His absence was through no fault of his own, and he had nothing to gain by failing to appear.[1] Because of his absence, defendant was precluded from presenting a defense.

Counsel suggests that his advice to defendant not to appear on the date set was based upon two considerations: (1) he assumed that the trial date would be rescheduled after his filing of a demand for jury trial; and (2) he was entitled to notice of the trial date under U.C.A., 1953, § 77-35-3(b). Neither consideration provides adequate reason for counsel to ignore the trial date set at defendant's arraignment. As instructed by the court, defendant told counsel that trial was set for August 24, 1982. That notice was sufficient under the rules and, unless otherwise advised, counsel should not have attempted to countermand an order of the court.

Because defendant's absence at trial was not "voluntary," his conviction is reversed, and the case is remanded for a new trial.

---

1. *Cf. State v. Myers,* 29 Utah 2d 254, 508 P.2d 41 (1973).

On remand, the trial court is directed to impose appropriate sanctions against counsel Yengich for his inappropriate conduct. Said sanctions are to include costs, particularly for the venire.

*So ordered.*