The STATE of Utah, Plaintiff and Respondent,

v.

Robert Glen HOUTZ, Defendant and Appellant.

No. 20608.

Supreme Court of Utah.

Feb. 6, 1986.

---

Leo G. Kanell, Milford, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant Robert Glen Houtz was convicted, *in absentia*, for automobile homicide, drunk driving, hit and run driving, and failure to report an accident. He claims that the trial court erred in proceeding with the jury trial in defendant's absence. The State candidly concedes the mistake below and agrees that the convictions should be reversed for retrial.

Defendant's trial was scheduled for the morning of February 26, 1985, in Beaver, Utah. When defendant did not appear, the court continued the trial until the next morning, February 27, 1985.[1] Defendant again did not appear that morning, and the

prosecutor advised the court that he had learned overnight that defendant had been arrested on February 25 in San Diego, California, for drunken driving.[2] After hearing defense counsel's renewed request for a continuance to obtain defendant's presence, the court determined that defendant had voluntarily chosen to absent himself from the trial because he had left Utah in violation of his bail. The court proceeded with the trial, and defendant was convicted in his absence.

A defendant charged with a crime is entitled to be present at all stages of trial. Utah Const. art. I, § 12; U.C.A., 1953, § 77-1-6 (1982 ed.). The right to appear and defend in person is a constitutional one, but may be waived under certain circumstances if the defendant voluntarily absents himself from the trial. *State v. Lee*, Utah, 585 P.2d 58 (1978); *State v. Myers*, 29 Utah 2d 254, 508 P.2d 41 (1973). However, that voluntariness may not be presumed by the trial court. When a defendant is in custody, he is not free to make a voluntary decision about whether or not he will attend the court proceedings. *State v. Aikers*, 87 Utah 507, 51 P.2d 1052 (1935); *State v. Okumura*, 58 Hawaii 425, 570 P.2d 848 (1977). Taken into custody on February 25, 1985, in San Diego, defendant cannot be considered to have "voluntarily" refused to appear on February 26 or 27, 1985. *Cf. State v. Coles*, Utah, 688 P.2d 473 (1984).

In this case, we agree with defendant and the State that the court abused its discretion by not continuing the trial so that defendant's attendance could be arranged. The trial court made inadequate inquiry into defendant's ability to appear on February 26 or his subsequent availability before deciding that he had waived his right to be present at the trial. *Drope v.*

---

1. The purpose of the continuance was to allow the court to provide a jury panel because the trial judge had been previously advised that defendant would waive his right to the jury trial in open court. When defendant did not appear and no waiver was made, the court was obligat-ed to proceed with a jury trial. U.C.A., 1953, § 77-35-17(c), as amended (1982 ed.).

2. Although not present, defendant was represented on both days by able trial counsel, who was unaware of defendant's arrest or whereabouts.

*Missouri,* 420 U.S. 162, 182, 95 S.Ct. 896, 909, 43 L.Ed.2d 103 (1975); *State v. Okumura,* 570 P.2d at 852. A trial continuance need not have been of lengthy duration, particularly since defendant waived extradition and was returned to Beaver within a few days. We are not unmindful of the inconvenience and expense which have resulted to the court, the witnesses, counsel, and others who may have traveled long distances to be present at the trial. However, our constitutional privileges and protections occasionally require that such inconveniences be suffered. *Cf. Thiel v. Southern Pacific Co.,* 328 U.S. 217, 224, 66 S.Ct. 984, 987, 90 L.Ed. 1181 (1946).

Defendant's convictions are reversed, and the case is remanded for a new trial on all charges.