STATE of Utah, Plaintiff and Respondent,

v.

James JAMISON, Defendant and Appellant.

No. 870215–CA.

Court of Appeals of Utah.

Jan. 9, 1989.

Manny Garcia and Joan C. Watt, Salt Lake Legal Defenders, Salt Lake City, for defendant and appellant.

R. Paul Van Dam, Atty. Gen., Stephen J. Sorenson, and Stanley H. Olsen, Asst. Attys. Gen., for the State.

Before DAVIDSON, BENCH and ORME, JJ.

## OPINION

DAVIDSON, Judge:

Defendant was convicted of felony theft in violation of Utah Code Ann. § 76–6–404 (1978), and seeks reversal and remand for a new trial or dismissal of the charge. The conviction is affirmed.

## FACTS

At approximately 9:00 p.m., on March 21, 1986, Salt Lake City police officer Don Campbell observed defendant James Jamison and his brother crouched beside a change machine located at the Ute Car Wash in downtown Salt Lake City. Campbell noted there were no cars in the washing bays. As Campbell's car approached, the two men first ran then began rapidly walking away. After being intercepted, defendant told Campbell the pair were doing their laundry, although they had no laundry with them, nor did defendant respond to a question concerning where they were washing. Defendant and his brother gave inconsistent explanations for their presence at the car wash.

Both defendant and his brother allowed Campbell to examine the contents of their pockets. Each had a tube of Vaseline Intensive Care Lotion and between them about eighteen dollars in quarters. Campbell examined the change machine and nearby soda pop machines but found no signs of entry or damage. A check for outstanding warrants revealed traffic warrants on both brothers and Campbell transported them to the Salt Lake County Jail. Campbell later discussed the arrest with a larceny detective who explained a technique whereby a change machine could be "milked" using a dollar bill and lotion.

Arlo Stewart, the owner of the car wash, inventoried the change machine the morning of March 22, 1986 and found it short seventeen dollars from what had been placed in the machine the day before. The machine also contained part of a dollar bill that smelled of lotion. At trial, Stewart testified he also lost eighteen dollars on April 11 and had made previous reports to the police concerning coin losses from milking.

Kelly Railsback, who maintained automobiles for executives, frequently used the Ute Car Wash in his daily operations. On April 11, 1986, at about 3:30 p.m., Railsback observed defendant at the change machine receiving quarters. Railsback had seen defendant at the Ute Car Wash on four or five other occasions. When he went to confront defendant, the latter sprinted across the street. The following morning Railsback reported the incident to Stewart. Railsback later testified to these events at trial.

On May 6, 1986, Salt Lake City police officer M.A. Stuck filed an information based on the accounts received from Campbell, Stewart, and Railsback. As amended at the preliminary hearing, the information

stated a violation of Utah Code Ann. § 76–6–404, a third degree felony, *on or about April 4, 1986:*

> [T]he defendant, James Jamison, a party to the offense, obtained or exercised unauthorized control over the property of Arlo Stewart with the purpose to deprive the owner thereof, and that the value of said property was $100.00 or less. (James Jamison has been twice before convicted of theft of property or services.)

A jury trial was held on September 16–17, 1986. At the conclusion of Campbell's testimony, the state moved to amend the information to indicate March 21 as the date the offense was committed. Defense counsel moved to dismiss the information because of lack of "notice as to when a crime happened" and because defense had "witnesses lined up to come in and prove that James was not arrested on April 4th." The defense had not filed notice of alibi 10 days prior to trial as required by Utah Code Ann. § 77–14–2 (1982). The trial court granted the state's motion to amend and denied the defense's motion to dismiss. The jury found the defendant guilty and the court recessed for lunch prior to beginning the enhancement phase of the trial.

The defendant failed to return from lunch when trial resumed. Defense counsel told the court defendant had been "upset" after the guilt phase and that he did have "some history of failing to appear." Defense counsel waived the jury for the rest of the proceedings. The following exchange took place between the court and defense counsel:

> THE COURT: The concern I had is that he participate with you in making the decision to waive the jury on the second phase, since we have—
> MR. GARCIA: He hasn't done that. I did not discuss that with him. I mentioned that I was going to recommend that, and he made no reply one way or the other, so I do not have his—

After giving defense counsel an opportunity to find defendant, the trial court stated "Mr. Garcia has not been able to ascertain the whereabouts of his client. We will accept his waiver of the jury on the second phase of the proceedings, and we will excuse the jury." The trial court found that defendant had been twice before convicted of theft of property or services, and entered judgment of conviction as charged in the information.

### ISSUES

The following issues are raised on appeal. 1) Did the trial court err in allowing the state to amend the information once the trial had begun? 2) Did the trial court err in admitting the testimony of Kelly Railsback? 3) Was the evidence presented by the state at trial sufficient to prove the elements of theft to the required standard? 4) Did the trial court err in dismissing the jury from the enhancement phase of the trial?

### AMENDMENTS TO INFORMATION

 "The court may permit an indictment or information to be amended at any time before verdict if no additional or different offense is charged and the substantial rights of the defendant are not prejudiced." Utah Code Ann. § 77–35–4(d) (1982). This rule requires defendant to have adequate advance notice of the crime being charged in order to prepare a defense and the crime must be sufficiently specified such that defendant cannot be prosecuted a second time for the same charge. *McNair v. Hayward,* 666 P.2d 321, 325–27 (Utah 1983).

 Except when time is an express statutory element of the crime or when defendant claims time as a defense, "the time an offense was committed is generally not an element which the prosecution must prove at trial." *State v. Fulton,* 742 P.2d 1208, 1213 (Utah 1987), *cert. denied,* —— U.S. ——, 108 S.Ct. 777, 98 L.Ed.2d 864 (1988). "Such things as time, place, means, intent, manner, value and ownership need not be alleged unless necessary to charge the offense." Utah Code Ann. § 77–35–4(b) (1982); *see also State v. Wilson,* 642 P.2d 394, 396 (Utah 1982). The

crime of theft charged in the information does not include time as an element.

■ In the instant case, the record shows defense counsel knew the April 4 date on the information was incorrect and, accordingly, he must have expected the prosecution to request a change of the date during trial. Defendant made no showing of prejudice by the amendment such as reliance on an alibi witness for the date specified on the information. *See State v. Cooper*, 114 Utah 531, 201 P.2d 764, 769–70 (1949) (ten day variance allowed where alibi defense not asserted and where no danger of double jeopardy exists). As Campbell testified to only one arrest occurring at the Ute Car Wash pursuant to an outstanding warrant, no possibility of double jeopardy exists. We find that the trial court did not abuse its discretion in allowing the state to amend the information date from April 4 to March 21.

## ADMISSION OF RAILSBACK TESTIMONY

■ The Utah Rules of Evidence state that all relevant evidence is admissible unless excluded and further define relevant evidence as "evidence having a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." [1] Rule 404(b) states "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Rule 404(b) does not exclude evidence unless it fits an exception; rather, it allows admission of relevant evidence "other than to show merely the general disposition of the defendant," *State v. Tanner*, 675 P.2d 539, 546 (Utah 1983) (past abuse of child is relevant to show absence of accident, opportunity, knowledge, or identity). The court, however, in determining admissibility of evidence, must weigh its probative value against its tendency to unfairly prejudice the defendant.[2] Evidence that tends to prove an element of the crime is admissible. Evidence which goes to general disposition or that is unfairly prejudicial is not admissible. *See Huddleston v. United States*, —— U.S. ——, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988).

■ In the instant case, the testimony of Railsback that defendant was operating the change machine on April 11 and had operated it on 4 or 5 other recent occasions coupled with the testimony of Stewart that he had suffered losses both in the recent past and on April 11 tends to show that defendant had stolen from the change machine on other occasions. While the evidence is thus prejudicial, it also tends to show opportunity and knowledge; the evidence makes it more probable that defendant knew about and used the technique of milking with a dollar bill and lotion to steal from Stewart's change machine on March 21.

The standard of review of admission of evidence is whether the trial court abused its discretion, *State v. Griffiths*, 752 P.2d 879, 883 (Utah 1988), and caused prejudice to substantial rights.[3] We find no abuse of discretion in the trial court's decision to admit Railsback's testimony despite its prejudicial nature. This appears to be the very type of testimony admissible under Rule 404(b).

## INSUFFICIENT EVIDENCE

"In reviewing a claim of insufficient evidence, this Court must view the evidence in the light most favorable to the verdict and will interfere only when the evidence is so lacking and insubstantial that a reasonable person could not possibly have reached a verdict beyond a reasonable doubt." *Tanner*, 675 P.2d at 550. *See also State v. Pierce*, 722 P.2d 780 (Utah 1986); *State v. Petree*, 659 P.2d 443 (Utah 1983); *Griffiths*, 752 P.2d at 883 (there is no reason-

1. Utah R.Evid. 402, 403 and 401.

2. Utah R.Evid. 403.

3. Utah R.Evid. 103(a).

138

able likelihood that without the error the jury would have reached a different verdict).

■ In the instant case, the behavior of defendant at the change machine, defendant's flight when approached by Campbell, possession of the amount missing in quarters, possession of Vaseline Intensive Care Lotion, inconsistent explanations given by defendant and his brother, and the presence of a torn dollar bill smelling of lotion in the change machine are sufficient evidence for a reasonable person to find defendant guilty beyond a reasonable doubt.

## DISMISSAL OF JURY

■ The defense leans heavily on Utah Code Ann. § 77–35–17(c) (1982) (all felony cases shall be tried by jury unless the defendant waives a jury in open court) and upon *State v. Cook*, 714 P.2d 296 (Utah 1986) (waiver of jury will not be presumed from a silent record) for the contention that defendant was deprived of his right to a jury during the enhancement phase of the trial. However, while the right to a jury trial is guaranteed by amendment VI of the United States Constitution and by article I, section 12 of the Utah Constitution, it may be waived. *State v. Yeck*, 566 P.2d 1248 (Utah 1977); *State v. Maguire*, 529 P.2d 421 (Utah 1974).

In *State v. Myers*, 29 Utah 2d 254, 508 P.2d 41 (1973), where defendant after 3 days of trial received a continuance then failed to return, the court said:

> In the administration of justice a court cannot be rendered helpless and impotent by the devious and cunning ways adopted by the defendant in this case. The great weight of authority sustains this proposition. To hold to the contrary would permit a mischievously inclined defendant to profit by his own wrongdoing and would be unfair to those individuals accused of crime who are not inclined to abscond, because the courts would tend to revoke bail and hold defendants in custody to assure their presence at all times during the trial.

*Id*. 508 P.2d at 42–43.

■ In the instant case, the record is not silent. Defendant, with a history of failing to appear, did not return from lunch after being found guilty by a jury. The trial court accepted defense counsel's waiver of jury only after providing counsel additional opportunity to find his client. Under the circumstances, it would be a miscarriage of justice to allow defendant to profit from his unexcused absence from the court.

The conviction is affirmed.

BENCH and ORME, JJ., concur.