**STATE of Utah, Plaintiff and Respondent,**

v.

**Wade WAGSTAFF, Defendant and Appellant.**

No. 880432–CA.

Court of Appeals of Utah.

April 19, 1989.

---

**7.** Section 76–5–102.4 was amended, in part, in 1987, but the changes are inapplicable to this case.

Nathan Hult, Logan, for defendant and appellant.

R. Paul Van Dam and Sandra L. Sjogren, Salt Lake City, for plaintiff and respondent.

## OPINION

Before GARFF, GREENWOOD and JACKSON, JJ.

GARFF, Judge:

Defendant/appellant, Wade Wagstaff, appeals from the trial court's denial of his motion for arrest of judgment and for a new trial. We affirm the trial court's judgment.

On May 3, 1986, appellant and Timothy Shaffer became involved in an altercation with Kelly and Craig Muncey outside the Munceys' apartment. After striking Craig Muncey with their fists, appellant and Shaffer forcefully entered the apartment by breaking in the door, pulled the telephone off the wall, and confronted both Muncey brothers, apparently in an attempt to discourage them from associating with appellant's wife. Subsequently, appellant and Shaffer were charged with burglary of a dwelling, a second degree felony, and assault, a class B misdemeanor.

Trial was set for September 24 and 25, 1986, but was continued the day before trial, upon the state's ex parte motion, because the Muncey brothers could not be located. Trial was reset for March 25 and 26, 1987.

On March 16, 1987, appellant's attorney sought to withdraw as counsel, stating that he had been unable to adequately prepare a defense for appellant because appellant had refused to contact him. The court did not allow counsel to withdraw, but reset the trial date, over the state's objection, for June 30 and July 1, 1987. Later, on May 4, 1987, the trial court granted permission for counsel to withdraw.

Meanwhile, on March 19, 1987, appellant's attorney sent a copy of the notice of trial to appellant's address in Ogden. Appellant's wife was living at the address, so the notice was not returned. On April 6 and 7, 1987, the attorney sent letters indicating the trial date and time to appellant's uncle's address in Nibley, with whom appellant had frequent contact. On May 7, 1987, even though he had formally withdrawn from the case by this time, the attorney again sent letters indicating the trial date to both the Nibley and Ogden addresses. The letter sent to the Ogden address was returned. The attorney stated that appellant had called him sometime between March 19 and May 7, but could not remember if they discussed the trial date in the conversation.

On June 19, 1987, Shaffer filed a motion to sever, which was granted. Shaffer was subsequently acquitted of the two charges of burglary and assault, but was convicted of the lesser charge of criminal trespass.

Appellant's jury trial commenced on June 30, 1987. Although represented by a court-appointed attorney, appellant was not present at the trial. The jury found appel-

lant guilty in absentia on both the burglary and assault charges.

On February 26, 1988, appellant filed a motion for arrest of judgment and for a new trial, which motion was accompanied by several supporting affidavits.

Appellant's uncorroborated affidavit indicated that because he was on intensive supervision with Adult Parole and Probation in the fall of 1986, his agreement to assist the state was postponed to a later time, and that his former attorney had told him that Shaffer knew of his agreement to work with the police but would keep the matter confidential. However, in January 1987, appellant was informed, on a visit to Logan, that he was a "narc and a dead man," which was the first indication to him that the information had gotten out beyond the county attorney's office. Approximately a week prior to this, he had been assaulted with a knife by a tenant in an apartment building he and his wife were supervising in Ogden. He speculated that the two incidents were related to his agreement with the police to become a "snitch," and that this information was leaked by the county attorney's office. Because of this, he concluded that his life was in jeopardy. Therefore, he fled to Los Angeles, and then, after finding out that the trial had been held, travelled to Washington in late 1987 to turn himself in. He signed a waiver of extradition and returned to Utah. He stated that "[b]ut for the leak by the County Attorney's office that I had agreed to work for the police, and the subsequent threat on my life, I would have appeared at trial and presented a defense."

Appellant's attorney's affidavit indicated that, in September 1986, he had attempted to arrange for appellant to work as an informant with the police in exchange for reduction of the charges against him. Prior to finalization of the arrangements, the attorney heard from Shaffer's counsel that a source in the county attorney's office had told him that appellant was "going to work with police officers in setting up dealers for arrest." Appellant had also told the attorney that Shaffer's mother had mentioned something about appellant's working with the police.

Opposing affidavits indicate that, although the prosecuting attorney had entered into negotiations with appellant to cooperate with police, no final agreement had ever been consummated.

The trial court denied appellant's motion on March 24, 1988, stating that even if appellant's allegation that he was afraid he was in danger from other parties because of information he was providing to law enforcement were true, it would not be an excuse for failing to contact law enforcement for aid, and for failing to appear at trial. Instead, because he did not contact either his parole officer or counsel to determine what the next procedure regarding his appearance in court would be, he voluntarily failed to appear for trial.

On March 28, 1988, defendant also failed to appear for his sentencing hearing, and a bench warrant was issued for his arrest. On May 9, 1988, he was sentenced to serve a one to fifteen year sentence in the Utah State Prison. Defendant then brought this appeal.

At issue is whether appellant was voluntarily absent from trial, thus entitling the court to proceed in his absence. Appellant argues that he was not voluntarily absent from trial because of the alleged information leak from the county attorney's office, and his lack of actual notice of the trial.

## VOLUNTARY WAIVER OF RIGHT TO BE PRESENT AT TRIAL

Under article I section 12 of the Utah Constitution and Utah Code Ann. § 77-1-6 (1982), an accused in a criminal prosecution has the right to appear and defend in person at all stages of trial. *See State v. Houtz*, 714 P.2d 677, 678 (Utah 1986) (per curiam); *State v. Lee*, 585 P.2d 58, 58 (Utah 1978); *see also State v. Washington*, 34 Wash.App. 410, 661 P.2d 605, 607 (1983); *Maupin v. State*, 694 P.2d 720, 722 (Wyo. 1985).

However, this right may be waived under certain circumstances, *Lee*, 585 P.2d 58, 58-59 (Utah 1978), including the accused's

voluntary absence from trial. Utah Code Ann. § 77–35–17(2) (1982); *Houtz,* 714 P.2d at 678; *State v. Myers,* 29 Utah 2d 254, 508 P.2d 41, 42–43 (1973); *see also State v. Love,* 147 Ariz. 567, 711 P.2d 1240, 1243 (App.1985). This waiver must be voluntary and involve an intentional relinquishment of a known right. *Maupin,* 694 P.2d at 722; *Washington,* 661 P.2d at 607.

■ Voluntariness is determined by considering the totality of the circumstances. *Washington,* 661 P.2d at 607. The state carries the burden of showing voluntariness. *State v. Ross,* 655 P.2d 641, 642 (Utah 1982) (per curiam). "A defendant must have a compelling reason to stay away from the trial. If his absence is deliberate without a sound reason, the trial may start in his absence." *Maupin,* 694 P.2d at 722.

■ Several Utah cases have ruled upon this issue. In *State v. Houtz,* 714 P.2d 677 (Utah 1986) (per curiam), a defendant, who was not present at trial because he had voluntarily left the state but was arrested the day before trial for drunken driving and was in custody at the time of trial, was found not to be voluntarily absent from trial. "When a defendant is in custody, he is not free to make a voluntary decision about whether or not he will attend the court proceedings." *Id.* at 678. Similarly, a defendant who did not appear at trial upon the mistaken advice of counsel was not deemed to be voluntarily absent because his absence was through no fault of his own and he had nothing to gain by failing to appear. *State v. Coles,* 688 P.2d 473, 474 (Utah 1984) (per curiam). However, a defendant who voluntarily left the state, was arrested on other charges in Nebraska but was released on bail and could have but refused to return for trial, was deemed to be voluntarily absent. *Ross,* 655 P.2d at 642.

Appellant knew that his case was eventually coming up for trial because he had been arraigned on the charges and bound over for trial. Trial had originally been scheduled for September but was continued until March while appellant was still in contact with his attorney. Appellant then intentionally left the state and, even though he knew or should have known of the pending trial, failed to contact his attorney, the court, or even his parole officer. "It is the responsibility of an out-of-custody defendant to remain in contact with his or her attorney and with the court." *Love,* 711 P.2d at 1243. If the defendant fails to do so, he "cannot benefit from [his] misconduct by manipulating a rule designed for [his] protection." *Id.*

We find that appellant failed in his duty to maintain contact with his attorney and the court and, thus, cannot benefit by claiming that he was not voluntarily absent from court. To hold otherwise would allow a "mischievously inclined defendant to profit by his own wrongdoing and would be unfair to those individuals accused of crime who are not inclined to abscond, because the courts would tend to revoke bail and hold all defendants in custody to assure their presence at all times during the trial." *Myers,* 508 P.2d at 42. In so holding, we follow the policy set forth by the Utah Supreme Court in *State v. Aikers,* 87 Utah 507, 51 P.2d 1052 (1935):

> It is not only the right of the defendant to be present, but is a duty which the statute imposes upon him, and he usually will not be permitted to take advantage of his own misconduct when he has voluntarily absented himself from the trial. It is one thing for him to absent himself when he is at liberty and can voluntarily do so, and quite another thing for the court to deprive him of any substantial right against his protest....

> A defendant is entitled to be safeguarded in every constitutional right, but should not be permitted to so juggle with such rights as to embarrass and delay the courts or to defeat the ends of justice.

*Id.,* 51 P.2d at 1056 (citations omitted). As the supreme court stated in *Ross,* "[i]t may be fairly said that defendant has invited error by indulging in a conscious, deliberate act of absconding, which cannot be a basis for reversal." *Ross,* 655 P.2d at 642.

### ACTUAL NOTICE OF TRIAL

Appellant also asserts that he was not voluntarily absent because he received no actual notice of the trial. Rule 3(b) of the Utah Rules of Criminal Procedure, Utah Code Ann. § 77–35–3 (1982) provides that "[w]henever service is required or permitted to be made upon a party represented by an attorney, the service shall be made on the attorney, unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made in the manner provided in civil actions." It is undisputed that appellant was represented by an attorney for the majority of the action, that service as to the time of the trial had been made upon the attorney, that the court did not order that service be made personally upon appellant, and that the attorney went to great lengths to attempt to contact appellant. Even after withdrawing from the case, the attorney sent letters advising appellant of the trial to every known address where he might have had contact. Notice served upon a party's attorney of record is sufficient to satisfy statutory notice requirements. *See Blake v. Blake*, 17 Utah 2d 369, 412 P.2d 454, 456 (1966). Furthermore, if appellant had performed his duty of maintaining contact with his attorney, he would have had actual notice of the time of trial. Therefore, appellant's objection is without merit.

We find that appellant was voluntarily absent from trial and that the trial court acted within its discretion in holding the trial in his absence. Appellant is not entitled to a new trial. Affirmed.

GREENWOOD and JACKSON, JJ., concur.