2001 UT App 241

**STATE of Utah, Plaintiff and Appellee,**

v.

**Anthony James WANOSIK, Defendant and Appellant.**

**No. 20000541–CA.**

Court of Appeals of Utah.

Aug. 16, 2001.

---

Joan C. Watt, Catherine E. Lilly, and Andrea J. Garland, Salt Lake City, for Appellant.

Mark L. Shurtleff, Attorney General, and Jeanne B. Inouye, Assistant Attorney General, Salt Lake City, for Appellee.

Before JACKSON, Associate Presiding Judge, ORME and THORNE, Judges.

## OPINION

ORME, Judge:

¶ 1 Defendant Anthony James Wanosik appeals the sentences imposed by the trial court pursuant to his guilty pleas to attempted unlawful possession or use of a controlled substance and unlawful possession or use of a controlled substance, class A and B misdemeanors, respectively, each in violation of Utah Code Ann. § 58–37–8(2)(a)(i) (Supp. 2000). We vacate the sentences and remand for resentencing.

## BACKGROUND

¶ 2 The facts are undisputed. Wanosik pled guilty to two misdemeanor drug offenses. At the plea hearing, the trial court told Wanosik that sentencing would be held on May 26, 2000, at 8:30 a.m., and ordered Wanosik to report to Adult Probation and Parole (AP & P) for preparation of a presentence report. The trial court did not specifically inform Wanosik that he could be sentenced in absentia if he failed to appear for sentencing.

¶ 3 Wanosik reported to AP & P, and a presentence report was completed. AP & P recommended that Wanosik be sentenced to twenty days in jail with credit for time served and that he then be committed to a substance abuse treatment program.

¶ 4 A sentencing hearing was held as scheduled on May 26, 2000. Wanosik was represented at the hearing by counsel but did not appear personally at the hearing or at any other time that morning.

¶ 5 Defense counsel expressed to the court her belief that Wanosik had intended to appear for sentencing but had perhaps written down the wrong date. Defense counsel asked the court to wait before issuing an arrest warrant to give counsel time to locate Wanosik. The court denied defense counsel's request and proceeded to impose sentence:

[G]iven [Wanosik's] failure to appear I will terminate his pre-trial release, issue a war-

rant for his arrest returnable forthwith no bail. My inclination is to sentence him today, and I recognize you would prefer that I did not, but I am inclined to do so. It is curious that he has failed to appear today, although I can only assume because he has not been in touch with you nor has he been in touch with my court that he has chosen to voluntarily absent himself from these proceedings.

Consequently, it is the judgment and sentence of this Court that he serve the term provided by law in the adult detention center of one year for the class A misdemeanor crime of attempted possession of a controlled substance, and six months for the possession of a controlled substance, a misdemeanor charge to which he has pled guilty. I will order that those terms be served concurrently and not consecutively, and that they be imposed forthwith.

Ms. Garland, in the event he is in touch with you or shows up before he's arrested, then you may approach me, but in the meantime, Mr. D'Alesandro, you prepare the findings of fact, conclusions of law and order determining voluntary absent compliance, and that will be the order.

Defense counsel promptly objected:

MS. GARLAND: Judge, I would object to that order because I don't think that it takes into account his due process rights or his rights about—

THE COURT: Right.

MS. GARLAND: However, I realize that's your order.

THE COURT: Your objection is noted. I'll grant him credit for the eight days he served awaiting imposition or a resolution.

The hearing was then immediately concluded. The prosecutor, Mr. D'Alesandro, was present but made no statement during the sentencing hearing, and the court addressed the prosecutor only to direct him to prepare the court's findings of fact and conclusions of law.

¶ 6 On June 14, 2000, Wanosik, through counsel, filed a timely notice of appeal of the sentences imposed in his absence. Wanosik was arrested a few months later on the warrant issued at the sentencing. After his ar-

rest, Wanosik sent a brief handwritten letter to the trial court in which he forthrightly acknowledged, with his own emphasis: "I *do not* have a legitimate excuse" for being absent at sentencing.

## ISSUES AND STANDARDS OF REVIEW

¶ 7 Wanosik makes two general claims on appeal: (1) that sentencing should not have proceeded in his absence; and (2) that even if sentencing him in absentia was proper, the trial court erred by the manner in which it conducted sentencing.

¶ 8 Under Wanosik's first general claim, i.e., that sentencing should not have proceeded in his absence, we address several distinct issues. First, we address Wanosik's contention that, as a matter of law, a defendant's absence at sentencing cannot be deemed voluntary if the defendant was not warned that sentencing could proceed in his voluntary absence. This contention presents a purely legal question, which we review for correctness. *See State v. Pena*, 869 P.2d 932, 935–36 (Utah 1994). Second, we address Wanosik's argument that even if a defendant's absence is properly deemed voluntary, the trial court may not proceed with sentencing without first balancing society's interest in proceeding and the defendant's interest in being present. This argument also presents a question of law, which we review for correctness. *See id.* Third, we believe that sound analysis requires us to address whether, in this case, the trial court's inquiry regarding the voluntariness of Wanosik's absence was properly conducted. Specifically, we address the questions of what type of inquiry is required of the trial court in making the factual determination of voluntariness; who has the burden of proving voluntariness; and what type of evidence may suffice to meet that burden. These are all legal questions, which, again, we review for correctness. *See id.* Finally, we conclude

this first section of the opinion by considering whether any error by the trial court was harmless.

¶ 9 Wanosik's second claim is that, even assuming proceeding with sentencing in his absence was appropriate, "[t]he trial court violated due process and Utah R.Crim. P. 22[ (a) ] when it sentenced [Wanosik] without considering relevant and reliable information and without affording defense counsel or the prosecutor the opportunity to speak at sentencing." These assertions require us to interpret both the mandates of Rule 22(a) of the Utah Rules of Criminal Procedure and the requirements of Due Process at sentencing. Each of these inquiries pose questions of law, which we review for correctness, granting no particular deference to the conclusions of the trial court. *See Brown v. Glover*, 2000 UT 89, ¶ 15, 16 P.3d 540 ("[T]he interpretation of a rule of procedure is a question of law that we review for correctness."); *State v. Valencia*, 2001 UT App 159, ¶ 9, 27 P.3d 573 ("Issues of constitutional interpretation are questions of law, which we review for correctness.").

### I. Sentencing in Absentia

¶ 10 We begin by addressing Wanosik's claim that the trial court erred by sentencing him in his absence. A criminal defendant's right to be present at all stages of trial includes the right to be present at sentencing. *See State v. Anderson*, 929 P.2d 1107, 1109–11 (Utah 1996). "To intentionally relinquish the right to be present, the defendant must have notice of the proceedings." *Id.* at 1110. *See* Utah R.Crim. P. 17(a)(2), 22(b). "However, this right may be waived ... [by] the [defendant's] voluntary absence from [sentencing]. This waiver must be voluntary and involve an intentional relinquishment of a known right." *State v. Wagstaff*, 772 P.2d 987, 989–90 (Utah Ct.App.1989) (citations omitted).[1]

---

1. *Wagstaff* involved a defendant's absence from trial rather than from sentencing. *See* 772 P.2d at 988–89. The Utah Supreme Court, however, has previously relied on both *Wagstaff* and *State v. Houtz*, 714 P.2d 677 (Utah 1986) (per curiam), another Utah case involving a defendant's absence at trial, in addressing a criminal defendant's right to be present at sentencing. *See State v. Anderson*, 929 P.2d 1107, 1110 (Utah

1996) (citing *Wagstaff*, 772 P.2d at 990; *Houtz*, 714 P.2d at 678). Likewise, the Utah Rules of Criminal Procedure treat identically a defendant's right to be present at trial and a defendant's right to be present at sentencing. *See* Utah R.Crim. P. 22(b). We therefore see no basis on which to distinguish between trial and sentencing in our analysis of a defendant's right

### A. Specific Warning of Consequences

■ ¶ 11 Notwithstanding that the Utah case law and rules referred to above appear to require only notice to defendant of the proceedings and of the right to be present in order to permit the court to proceed to a determination whether a defendant's voluntary absence is a waiver of the right to be present, Wanosik argues that a further warning is required. Specifically, Wanosik argues he was entitled to be warned that the court might proceed with sentencing if he were to be voluntarily absent.[2] We disagree.

■ ¶ 12 To require an explicit warning that sentencing will proceed even in the defendant's voluntary absence is to conclude that, without such a warning, defendants will assume they have the right to avoid sentencing simply by refusing to appear. *See Taylor v. United States*, 414 U.S. 17, 20, 94 S.Ct. 194, 196, 38 L.Ed.2d 174 (1973) (per curiam). It is inimical to the common respect due our governmental institutions for us to indulge in the presumption that persons will assume they have the right to impede the judicial system by deliberately absenting themselves from criminal proceedings to which they are a party. *See id.* ("It seems ... incredible to us ... 'that a defendant who flees from a courtroom in the midst of a trial—where judge, jury, witnesses, and lawyers are pres-

ent and ready to continue—would not know that as a consequence the trial could continue in his absence.'" (citation omitted)).[3] "The right at issue is the right to be present." *Id.* Notice of the proceeding is alone sufficient to allow a defendant to exercise the right to be present by appearing, or to waive that right through voluntary absence. *See id.* Whether it be trial or sentencing, we must presume defendants fully understand that important proceedings will go forward without them in the event of their voluntary absence.[4] Thus, there is no need to specially warn defendants of this obvious fact.

¶ 13 Wanosik observes that although neither *Wagstaff* nor *Anderson* addresses whether a specific warning is required, such a requirement would not be inconsistent with the holdings of those cases. However, the only federal case Wanosik cites directly supporting his proposition that a specific warning is required to inform defendants that sentencing may proceed in their voluntary absence is *United States v. McPherson*, 421 F.2d 1127 (D.C.Cir.1969), which held that such a warning is required. *See id.* at 1129–30. The United States Supreme Court has, however, explicitly rejected *McPherson*'s holding requiring such a warning. *See Taylor*, 414 U.S. at 20 n. 3, 94 S.Ct. at 196 n. 3 ("[T]he Court of Appeals ... disagreed with

---

to be present and a defendant's voluntary waiver of that right.

**2.** Wanosik references both the Utah Constitution and the United States Constitution as well as the Utah Rules of Criminal Procedure in making this argument. However,

> [n]o argument has been made as to why, if we were to uphold the [sentencing] under the Utah [Rules of Criminal Procedure], the result would be different under either the Utah or the federal constitution. We will therefore treat the contention as a single argument with three legal bases rather than as three separate arguments.

*State v. Anderson*, 910 P.2d 1229, 1232 n. 3 (Utah 1996).

**3.** We acknowledge that a defendant who flees in the midst of a trial may have more reason to know that the proceedings will move forward in his absence than a defendant who absents himself from sentencing after entering a guilty plea. We nevertheless remain unpersuaded that a warning is required to disabuse defendants of the belief that they may prevent their own sentencing

through deliberate absence from the sentencing proceeding. We therefore, again, do not distinguish between the right to be present at trial from the right to be present at sentencing, in terms of what type of notice is required to deem a defendant's voluntary absence a knowing waiver of the right to be present. *See* note 1.

**4.** Nor is this some unique feature of the judicial system that will be foreign to the average citizen. Whether one is a season ticket holder or a team member, a scheduled basketball game will go forward whether or not he or she shows up. If one does not appear for a scheduled dental or medical appointment, he or she should expect to be billed anyway. If one misses an employment interview without prior explanation, he or she knows the job will go to someone else. While the uniqueness of judicial business makes these examples less than perfect, the expectation in contemporary American society is that one should appear at duly scheduled events or be willing to accept the ramifications of his or her voluntary absence. In most social and commercial arenas, an expectation of unexcused absence without consequence is not the order of the day.

*McPherson,* and, in our view, rightly so.").[5] Nonetheless, Wanosik maintains that *McPherson*'s holding is good law and cites the more recent United States Supreme Court case, *Crosby v. United States,* 506 U.S. 255, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993), as "further support for the *McPherson* requirement." *Crosby,* however, does not undermine *Taylor*'s rejection of *McPherson*'s warning requirement.

¶ 14 *Crosby* interprets Rule 43 of the Federal Rules of Criminal Procedure and holds that, under the explicit language of that rule, a court may never *commence* trial in a defendant's absence.[6] *See* 506 U.S. at 258–62, 113 S.Ct. at 751–53. The *Crosby* Court also observes, however, that under Rule 43 a defendant's absence *after trial has commenced* will automatically be deemed a knowing waiver of the right to be present, even without prior warning to the defendant regarding the consequences of voluntary absence. *See* 506 U.S. at 261–62, 113 S.Ct. at 752. Thus, like *Taylor, Crosby* concludes that in circumstances where the federal rules otherwise allow for trial in absentia, a warning is not required to inform defendants that voluntary absence will likely result in trial in absentia. *See Crosby,* 506 U.S. at 261–62, 113 S.Ct. at 752; *Taylor,* 414 U.S. at 20, 94 S.Ct. at 196.

■ ¶ 15 Significantly, the Federal Rules of Criminal Procedure and the Utah Rules of

Criminal Procedure differ in an important respect highlighted by *Crosby.* Federal Rule 43 treats differently absence at the commencement of trial from absence after the commencement of trial. *See* Fed.R.Crim.P. 43; *Crosby,* 506 U.S. at 258–62, 113 S.Ct. at 751–53. The Utah Rules of Criminal Procedure draw no such distinction, but rather treat a defendant's absence at any stage of criminal proceedings similarly to the federal rule's treatment of a defendant's absence after commencement of trial.[7] *Compare* Utah R.Crim. P. 17(a)(2), 22(b) *with* Fed. R.Crim.P. 43(a) & (b)(1). Thus, for our purposes, the significance of *Crosby* is that it affirms the United States Supreme Court's view that a warning of the consequences of voluntary absence is not required to deem a defendant's absence after commencement of trial voluntary. Our holding, therefore, accords with that of the United States Supreme Court when we conclude that a defendant need not be warned that the proceedings may go forward in his absence in order to deem voluntary absence a knowing waiver of the right to be present. Thus, although at least one state mandates a warning like that required in *McPherson, see People v. Link,* 291 Ill.App.3d 1064, 226 Ill.Dec. 369, 685 N.E.2d 624, 626 (1997), we, with the United States Supreme Court, decline to adopt *McPherson*'s holding.

---

**5.** Wanosik observes that the Utah Supreme Court has cited *McPherson* with approval. *See State v. Anderson,* 929 P.2d 1107, 1110 (Utah 1996). However, the Utah Supreme Court's reliance on *McPherson* extended only to the proposition that "[t]o intentionally relinquish the right to be present, the defendant must have notice of the proceedings." *Id.* Nowhere does *Anderson* intimate that any further warning is required. Indeed, *Anderson* implicitly rejects the notion that a further warning is required by affirming the sentencing, in absentia, of a defendant who, although he waived in writing his right to be present at trial, was not explicitly warned that *sentencing* would proceed in his voluntary absence. *See id.* at 1110–11.

**6.** Rule 43 of the Federal Rules of Criminal Procedure states in relevant part:

(a) Presence Required. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

(b) Continued Presence Not Required. The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present,

(1) is voluntarily absent after the trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial)[.]

**7.** Rule 17(a)(2) of the Utah Rules of Criminal Procedure states:

In prosecutions for offenses not punishable by death, the defendant's voluntary absence from the trial after notice to defendant of the time for trial shall not prevent the case from being tried and a verdict or judgment entered therein shall have the same effect as if defendant had been present. . . .

Furthermore, Utah Rule of Criminal Procedure 22(b) states: "On the same grounds that a defendant may be tried in defendant's absence, defendant may likewise be sentenced in defendant's absence."

¶ 16 Wanosik was given notice of the date and time of his sentencing. He had the right to appear if he chose; he had no right to assume the matter could be taken care of some other time, when he felt more in the mood to attend. We see no error in the trial court's failure to specifically warn Wanosik that sentencing would proceed in the event of his voluntary absence from the proceeding.

## B. Balancing of Interests

¶ 17 Relying on two in a line of cases from the Second Circuit, Wanosik argues that even if a defendant's absence is properly deemed knowing and voluntary, a trial court may not proceed unless "the public interest in proceeding clearly outweighs the interest of the voluntarily absent defendant in attending." *Smith v. Mann*, 173 F.3d 73, 76 (2nd Cir.), *cert. denied*, 528 U.S. 884, 120 S.Ct. 200, 145 L.Ed.2d 168 (1999). *See United States v. Fontanez*, 878 F.2d 33, 37 (2nd Cir.1989).

¶ 18 The Second Circuit acknowledges "that while [it believes] prudential concerns animate the need for a balancing of interests before a district court exercises its discretion to conduct a trial in absentia, *all that the Constitution requires is a knowing and voluntary waiver of the right to be present at trial.*" *Mann*, 173 F.3d at 76 (emphasis added). *Accord Clark v. Scott*, 70 F.3d 386, 389–90 (5th Cir.1995), *cert. denied*, 528 U.S. 884, 120 S.Ct. 200, 145 L.Ed.2d 168 (1999). The Second Circuit has thus, out of "prudential concerns," hedged their trial courts' discretion to proceed in a defendant's absence by imposing a judicially created balancing test not required by either the federal rules or the United States Constitution. We decline the invitation to adopt a similar balancing test in Utah. When a defendant's absence from a criminal proceeding is properly

deemed knowing and voluntary, the trial court may proceed without further inquiry or analysis. Therefore, it was not error for the trial court in this case to fail to balance the public interest in proceeding against Wanosik's interest in being present.

## C. Voluntariness Inquiry

¶ 19 We have concluded that a trial court is *not required* to warn a defendant that trial or sentencing may proceed in the defendant's voluntary absence. We have also concluded that a trial court is *not required* to balance the public interest in resolving the matter against the defendant's interest in being present before proceeding in a defendant's voluntary absence. However, a trial court may not assume a defendant's knowing absence is voluntary, but rather *is required* to determine whether a defendant's absence is in fact voluntary.[8] *See State v. Houtz*, 714 P.2d 677, 678 (Utah 1986) (per curiam). We therefore review whether the trial court in this case properly concluded that Wanosik's absence at sentencing was actually voluntary.

¶ 20 The sum of the trial court's oral findings and analysis on the voluntariness of Wanosik's absence at sentencing is the following:[9] "I can only assume because he has not been in touch with [defense counsel] nor has he been in touch with my court that he has chosen to voluntarily absent himself from these proceedings." We do not question the underlying findings of the trial court, i.e., that Wanosik had not been in touch with counsel or the court. These findings, however, suggest nothing more than that no one knew why Wanosik was absent. With no reliable information on the voluntariness of Wanosik's absence, the trial court merely *assumed* that Wanosik's absence was voluntary.[10]

---

8. The fact that a defendant was informed of the time and place of the proceeding allows a court to presume that a defendant's absence therefrom is *knowing*, i.e., that the defendant knows he is missing the proceeding. The fact that an absent defendant had notice of the proceeding does not, however, allow a presumption that absence therefrom is *voluntary*. *See Houtz*, 714 P.2d at 678. After all, such a defendant may be incarcerated on another charge or comatose in a hospital.

9. The trial court's written findings and conclusions do not substantively differ from what the court stated orally at the hearing.

10. As hereafter more fully explained, case law rejects the legitimacy of such an assumption, but it is not intrinsically an unreasonable one. Statistically, the vast majority of court no-shows spaced it out, could not muster the courage or effort to be present, or got sidetracked in some volitional way. Only a tiny minority find them-

¶ 21 "[V]oluntariness may not be presumed by the trial court." *Houtz*, 714 P.2d at 678. Rather, an inquiry into the defendant's ability to appear at the proceeding is required. *See id.* We have not previously detailed the type of inquiry required to determine if a defendant's absence is voluntary. We have, however, outlined some general principles:

> Voluntariness is determined by considering the totality of the circumstances. The state carries the burden of showing voluntariness. A defendant must have a compelling reason to stay away from the trial. If his absence is deliberate without a sound reason, the trial may start in his absence.

*State v. Wagstaff,* 772 P.2d 987, 990 (Utah Ct.App.1989) (internal quotations and citations omitted). This case presents an opportunity to elaborate on these general principles.

¶ 22 In such circumstances, the State must make a preliminary showing, based on reasonable inquiry, that defendant's absence is voluntary. Except as otherwise required by the attorney-client privilege, defense counsel has an obligation to aid the State by being forthcoming with any information defense counsel may have that could be helpful in determining the defendant's whereabouts or reasons for the defendant's absence. When neither court nor counsel have information as to why the defendant is not present, a continuance will ordinarily be required to allow the prosecution and defense counsel an opportunity to inquire into the defendant's whereabouts and the reasons for his absence.

¶ 23 Ascertaining whether a defendant's absence is voluntary will often be difficult if the defendant is simply a no-show. While we need not in this case definitively prescribe what the State must do to meet its preliminary burden, and while the showing it must make will vary with the facts and circumstances of particular cases, some avenues for establishing voluntariness are: (1) inquiry of law enforcement agencies to determine whether the defendant is incarcerated, *see Houtz,* 714 P.2d at 678 ("When a defendant is in custody, he is not free to make a voluntary decision about whether or not he will attend the court proceedings."); (2) inquiry of local hospitals as to whether the defendant has been admitted to one of them, *cf. State v. Ross,* 655 P.2d 641, 642 (Utah 1982) (per curiam) ("Trial proceeded for four days, when on the fifth day, defendant failed to appear. He was found in a Salt Lake City hospital suffering from a heart attack, diagnosed as minor. His doctor contacted the court and recommended a one-month continuance."); (3) inquiry of the defendant's employer, if the employer can be readily determined, as to the employer's possible knowledge of the defendant's whereabouts; (4) a reasonably diligent attempt to contact defendant at his residence or other place counsel knows the defendant to frequent; (5) inquiry of Pretrial Services or other entity supervising defendant's presentence release; and (6) inquiry of any bail bond company or other person or entity posting bond to secure defendant's appearance. Once inquiry appropriate to the case has been made, and a compelling reason for the defendant's absence remains unknown, voluntariness, while not guarantied, may then be properly inferred.

¶ 24 Defense counsel, however, must then have the opportunity to rebut the inference of voluntariness. Defense counsel may by that time have gathered additional information regarding the defendant's whereabouts and may, for example, be able to contend that although no local hospital shows the defendant as currently registered, his roommate says he took him to the emergency room the previous evening, suggesting the possible involuntariness of the defendant's absence at a proceeding early the next morning.

¶ 25 In this case, the State made no preliminary showing of voluntariness whatever, and the trial court erred by making "inadequate inquiry into [Wanosik's] ability to ap-

---

selves comatose or otherwise involuntarily incapacitated at the time of trial or sentencing. Even those who are incarcerated, assuming it is in this state, usually have the means to let their circum- stances be known. *Cf. In re A.E.,* 2001 UT App 202, ¶ 5, 29 P.3d 31 ("Father ... was not transported from the jail for the trial because he did not inform jail officials of the trial dates.").

pear on [May 26, 2000] or his subsequent availability before deciding that he had waived his right to be present at [sentencing]." *Houtz,* 714 P.2d at 678.

### D. Harmless Error

¶ 26 A trial court's error in failing to conduct an adequate inquiry into whether a defendant's absence was voluntary does not merit reversal, however, unless the defendant was prejudiced by the lack of adequate inquiry. *See State v. Anderson,* 929 P.2d 1107, 1111–12 (Utah 1996) ("It stands to reason that a defendant cannot demand repetition of a trial or sentencing in which he suffered no unfairness."). When finally apprehended, Wanosik sent a letter to the trial court candidly acknowledging: "I *do not* have a legitimate excuse" for not appearing for sentencing. Based on Wanosik's subsequent concession of actual voluntary absence at sentencing, we conclude that Wanosik suffered no prejudice by the trial court's failure to make adequate inquiry into whether his absence was voluntary. Accordingly, the court's error in proceeding to impose sentence was, in this case, harmless.

### II.  Sentencing Procedure

¶ 27 Wanosik argues that, even if proceeding with sentencing in his absence was appropriate, "[t]he trial court violated due process and Utah R.Crim. P. 22[(a)] when it sentenced [him] without considering relevant and reliable information and without affording defense counsel or the prosecutor the opportunity to speak at sentencing."

### A.  Rule 22(a)

¶ 28 We first address Wanosik's claim that the trial court violated rule 22(a) of the Utah Rules of Criminal Procedure.[11] The second paragraph of rule 22(a) states:

> Before imposing sentence the court shall afford the defendant an opportunity to make a statement and to present any information in mitigation of punishment, or to show any legal cause why sentence should not be imposed. The prosecuting attorney shall also be given an opportunity to present any information material to the imposition of sentence.

Utah R.Crim. P. 22(a). Initially, we must determine whether Wanosik waived his rights under rule 22(a) by voluntarily absenting himself from the sentencing proceeding.

¶ 29 A defendant's *personal exercise* of the rights granted in rule 22(a) is referred to as allocution. *See State v. Anderson,* 929 P.2d 1107, 1110–12 (Utah 1996); *State v. Kelbach,* 23 Utah 2d 231, 461 P.2d 297, 299 (1969), *vacated and remanded,* 408 U.S. 935, 92 S.Ct. 2858, 33 L.Ed.2d 751 (1972). "[Allocution] is an inseparable part of the right to be present, which [a] defendant waive[s] by his voluntary absence." *Anderson,* 929 P.2d at 1111. Wanosik, therefore, by his voluntary absence, waived the right to personally make a statement at sentencing and to personally present information in mitigation of punishment or to show legal cause why sentence should not be imposed. *See id.*

¶ 30 A defendant does not, however, altogether waive his rule 22(a) rights through voluntary absence at sentencing; he waives only the right to personally exercise them. "Sentencing is a critical stage of a criminal proceeding at which a defendant is entitled to the effective assistance of counsel," *State v. Casarez,* 656 P.2d 1005, 1007 (Utah 1982), and the right to effective assistance of counsel cannot be waived through voluntary absence alone. *See State v. Bakalov,* 1999 UT 45, ¶ 16, 979 P.2d 799 (holding that, in order to waive the right to counsel and "invoke the right of self-representation, a defendant must in a timely manner ' "clearly and unequivocally" ' request [self-representation]" (citations omitted)). Furthermore, rule 22(a) unequivocally directs the

---

11. The State asserts that Wanosik must show plain error with regard to his rule 22(a) claim on appeal because he did not preserve the claim below. We observe "that rule 22(e) [of the Utah Rules of Criminal Procedure] permits the court of appeals to consider the legality of a sentence even if the issue is raised for the first time on appeal." *State v. Brooks,* 908 P.2d 856, 860 (Utah 1995). The *Brooks* holding obviates the need for appellants to show plain error in asserting on appeal unpreserved claims that the sentence imposed by the trial court was illegal. *See id.* at 858–60.

sentencing court to "give[ ] [the prosecuting attorney] an opportunity to present any information material to the imposition of sentence." Utah R.Crim. P. 22(a). It would be patently unfair, in the case of an absent defendant, to hear only from the prosecuting attorney and not from defense counsel regarding sentencing considerations. Thus, we hold that a sentencing court is required to afford a voluntarily absent defendant the opportunity to exercise his rule 22(a) rights through counsel.

¶ 31 At sentencing in this case, the trial court did hear briefly from defense counsel on the issue of Wanosik's absence concerning any "legal cause why sentence should not [have been] imposed" at that time, Utah R.Crim. P. 22(a); briefly addressed that issue as discussed above; and then proceeded to impose sentence. However, before proceeding with sentencing, the trial court heard from neither defense counsel nor the prosecutor with regard to "information in mitigation of punishment" or "any [other] information material to the imposition of sentence." *Id.* The State argues that under rule 22(a) the burden rests on counsel to request an opportunity to present information relevant to sentencing. The State's argument is contrary to the plain language of the rule and the construction given it in case law.

¶ 32 The language of the rule is that "the court *shall afford* the defendant an opportunity to make a statement and to present any information in mitigation of punishment." Utah R.Crim. P. 22(a) (emphasis added). Thus, the rule imposes an affirmative obligation on the trial court to extend the opportunity to be heard; it does not contemplate

the court will passively wait for counsel to make a request to be heard. Furthermore, the Utah Supreme Court has said that rule 22(a) "directs trial courts to hear evidence from both the defendant and the prosecution that is relevant to the sentence to be imposed." *State v. Howell,* 707 P.2d 115, 118 (Utah 1985).[12] This directive is nowhere made conditional on a preliminary request by counsel to present the information. Even if a defendant is voluntarily absent, the trial court has the duty to set its aggravation aside and impose a reasonable sentence, and to that end the court is required to hear evidence from both sides relevant to sentencing. The onus is thus on the trial court to "afford" the defendant and to "give" the prosecutor the opportunity to present relevant information.[13] Utah R.Crim. P. 22(a). The trial court in this case erred by not affording defense counsel an opportunity to present information in mitigation of punishment or giving the prosecutor an opportunity to present information relevant to sentencing.

¶ 33 Noncompliance with rule 22(a) in this case was not harmless, as the State suggests. Had either defense counsel or the prosecutor been given a chance to address AP & P's recommendation that Wanosik be sentenced to 20 days in jail with credit for time served and that he then be committed to a substance abuse treatment program, the sentencing outcome for Wanosik may well have been more favorable than the maximum sentences imposed by the trial court. Thus, we vacate Wanosik's sentences and remand for resentencing.

---

12. *Howell* actually interpreted the predecessor of Utah Rule of Criminal Procedure 22(a), Utah Code Ann. § 77–35–22(a) (1982). *See* 707 P.2d at 118. Current rule 22(a) differs from then-section 77–35–22(a) only in that rule 22(a) omits the words "in his own behalf" from section 77–35–22(a)'s sentence: "Before imposing sentence the court shall afford the defendant an opportunity to make a statement *in his own behalf* and to present any information in mitigation of punishment...." Utah Code Ann. § 77–35–22(a) (1982) (emphasis added). *See also* Utah R.Crim. P. 22(a). If anything, deletion of the italicized phrase emphasizes that while defendant is entitled to make a statement, he need not personally make it.

13. We [here] note that it is not just the defendant, but the State as well, that has an interest in the sentence being based on accurate information. Decisions as to the type of rehabilitation program, if any, to which a defendant is assigned and the duration of incarceration both influence the allocation of scarce personnel and monetary resources. Such decisions should be based upon the most reliable data possible as to each defendant so that this State may deal with its criminal justice program as efficiently as possible. *State v. Casarez,* 656 P.2d 1005, 1008 (Utah 1982).

### B. Due Process Requirements at Sentencing

¶ 34 Due Process considerations underscore the propriety of our remand for resentencing. "The due process clause of Article 1, Section 7 of the Utah Constitution, requires that a sentencing judge act on reasonably reliable and relevant information in exercising discretion in fixing a sentence." *State v. Howell*, 707 P.2d 115, 118 (Utah 1985). "A sentence in a criminal case should be appropriate for the defendant in light of his background and the crime committed and also serve the interests of society which underlie the criminal justice system." *State v. McClendon*, 611 P.2d 728, 729 (Utah 1980). "[T]he sentencing judge[ ][has] discretion in determining what punishment fits both the crime and the offender," but we have consistently sought "to shore up the soundness and reliability of the factual basis upon which the judge must rely in the exercise of that sentencing discretion." *State v.. Lipsky*, 608 P.2d 1241, 1249 (Utah 1980) (requiring disclosure of presentence report to defendant prior to sentencing). Although rule 22(a) implements sound procedures aimed at insuring that the trial court bases its sentencing decision on such information, a criminal defendant's right to be sentenced based on relevant and reliable information regarding his crime, his background, and the interests of society stands independent of Utah Rule of Criminal Procedure 22(a).

¶ 35 The record in this case fails to disclose any relevant or reliable information, other than the fact that defendant was absent from the proceeding, relied on by the trial court in imposing maximum—albeit concurrent—sentences for both crimes. Voluntary absence from sentencing may properly serve as one factor in determining an appropriate sentence, as it is an indirect—but telling—indication of the defendant's suitability for probation or susceptibility to rehabilitative efforts. It is not, however, sufficient to rely upon that fact alone in deciding what sentence to impose, nor may such absence be punished by imposing a sentence more severe than is otherwise warranted. From all that appears in the record, however, Wanosik's absence at sentencing was the only information considered by the trial court in deciding what sentences to impose.

¶ 36 Wanosik's Due Process rights were compromised by the trial court's failure to base its sentencing decision on relevant and reliable information regarding the crime, Wanosik's background, and the interests of society. For the same reasons noted in the preceding section, the trial court's failure to base its sentencing decision on relevant and reliable information was not harmless.

### CONCLUSION

¶ 37 A defendant informed of the time and place for sentencing need not be further informed that sentencing may proceed in the defendant's voluntary absence. Furthermore, a sentencing court need not balance society's interest in proceeding against a voluntarily absent defendant with the defendant's interest in being present before proceeding with sentencing in absentia. In this case, the trial court's only error in regard to proceeding in absentia was its inadequate inquiry into the actual voluntariness of Wanosik's absence. The error was, however, harmless given Wanosik's later concession that his absence was indeed voluntary.

¶ 38 Nonetheless, the trial court erred in not complying with Utah Rule of Criminal Procedure 22(a) by failing to afford defendant, through his counsel, an opportunity to present information in mitigation of punishment and by failing to also give the prosecutor an opportunity to present information relevant to sentencing. This course was also at odds with Wanosik's Due Process rights, as the court failed to base its sentencing decision on relevant and reliable information.

¶ 39 We vacate Wanosik's sentences and remand for resentencing.

¶ 40 WE CONCUR: NORMAN H. JACKSON, Associate Presiding Judge, WILLIAM A. THORNE, Jr., Judge.