2015 UT App 268

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
WARREN LEE CHRISTENSEN,
Appellant.

Per Curiam Decision
No. 20131163-CA
Filed November 12, 2015

Third District Court, Salt Lake Department
The Honorable Robin W. Reese
No. 111905849

Nathalie S. Skibine, Nisa J. Sisneros, and Wojciech S.
Nitecki, Attorneys for Appellant

Sean D. Reyes, Brett J. DelPorto, and Thomas B.
Brunker, Attorneys for Appellee

Before JUDGES STEPHEN L. ROTH, JOHN A. PEARCE, and
KATE A. TOOMEY.

PER CURIAM:

¶1 Warren Lee Christensen appeals his sentence after pleading guilty to one count of aggravated assault, a second-degree felony, one count of obstructing justice, a second-degree felony, and one count of aggravated assault, a third-degree felony. Christensen asserts that the district court based its decision to sentence him to prison, at least in part, on unreliable information.

¶2 We review the sentencing decision of the district court, including the decision to grant or deny probation, for abuse of discretion. *See State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167. "An abuse of discretion results when the judge fails to

consider all legally relevant factors, or if the sentence imposed is clearly excessive." *Id.* (citation and internal quotation marks omitted). Furthermore, "[a]n appellate court may only find abuse if it can be said that no reasonable [person] would take the view adopted by the trial court." *Id.* (alteration in original) (citation and internal quotation marks omitted). Finally, a "defendant is not entitled to probation, but rather the court is empowered to place the defendant on probation if it thinks that will best serve the ends of justice and is compatible with the public interest." *State v. Rhodes*, 818 P.2d 1048, 1051 (Utah Ct. App. 1991). However, in making a sentencing decision, "the Utah Constitution . . . requires that a sentencing judge act on reasonably reliable and relevant information in exercising discretion in fixing a sentence." *State v. Wanosik*, 2001 UT App 241 ¶ 34, 31 P.3d 615 (citation and internal quotation marks omitted).

¶3 Christensen asserts that the district court erred in relying on the victim's impact statement and on her statements during sentencing, both of which he argues were unreliable. Specifically, Christensen argues that certain information contained in the victim impact statement, including statements concerning alleged prior abuse of the victim by Christensen, were unreliable because the information contradicted the previous testimony and statements of the victim. In order to establish that the district court abused its discretion in relying on allegedly unreliable or irrelevant information, "the defendant must show (1) evidence of reliance, such as an affirmative representation in the record that the judge actually relied on the specific information in reaching her decision, and (2) that the information she relied upon was irrelevant [or unreliable]." *State v. Moa*, 2012 UT 28, ¶ 35, 282 P.3d 985. Here, there is no evidence that the district court relied on the information Christensen believes was unreliable.

¶4 In announcing its sentencing decision the district court never made reference to any of the information Christensen argues was unreliable. The court referenced only the incident

giving rise to the charges at issue and how the incident "impacted someone's life to the point they feel at least that they may never be the same again, may not even live a happy, normal life." For example, after the victim read her statement and Christensen's counsel argued that it would be unfair to sentence Christensen to prison, the district court gave Christensen a chance to address the issue. In so doing, the district court asked Christensen if he believed it would be inherently unfair to sentence him to prison after hearing the very serious consequences resulting from the actions that Christensen had "admitted doing." Thus, the district court focused on the injuries suffered solely as a result of the admitted conduct, not the allegedly unreliable information from the victim impact statement.

¶5    Later the district court expressly rejected both the State's and the victim's request to impose consecutive sentences, because the court felt that the charges resulted from essentially "one criminal act, although it persisted over the course of a long time." This statement again demonstrates that the district court made its sentencing decision based on the conduct Christensen admitted to and the repercussions of that specific conduct rather than other conduct referenced in the victim's impact statement, which Christensen argues was unreliable. Ultimately, nothing in the record demonstrates that the district court relied on information other than that relating to the incident in question and the impact that incident had on the victim. Accordingly, we need not determine whether the statements made by the victim regarding prior abuse were unreliable.

¶6    Affirmed.

———————