**2017 UT App 185**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
JOSEPH MIGUEL VALDEZ,
Appellant.

Opinion
No. 20160279-CA
Filed October 5, 2017

Third District Court, Salt Lake Department
The Honorable Elizabeth A. Hruby-Mills
No. 121909797

Debra M. Nelson, Attorney for Appellant

Sean D. Reyes and Jennifer Paisner Williams,
Attorneys for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES RYAN M. HARRIS and DIANA HAGEN concurred.

MORTENSEN, Judge:

¶1     Only four months after being released from his most recent prison commitment, Defendant Joseph Miguel Valdez engaged in conduct that resulted in guilty pleas to separate felonies in three unrelated cases. The district court imposed indeterminate prison sentences in each case and ordered that the sentences run consecutively. Defendant appeals these sentences, arguing that the district court (1) erroneously considered the reduction and dismissal of charges against Defendant, (2) failed to consider the gravity and circumstances and number of victims of two of the crimes, and (3) failed to consider Defendant's history, character, and rehabilitative needs. We are unpersuaded and conclude that the district court did not abuse its discretion in sentencing Defendant. Accordingly, we affirm.

¶2    Defendant's cases, arising from separate criminal episodes, have been consolidated on appeal. In Case One, Defendant pled guilty to possession or use of a controlled substance, a third degree felony. *See* Utah Code Ann. § 58-37-8(2) (LexisNexis 2016). In Case Two, he pled guilty to theft by receiving or transferring a stolen vehicle, a second degree felony. *See id.* § 41-1a-1316 (2014). And in Case Three, he pled guilty to aggravated assault, a third degree felony. *See id.* § 76-5-103 (2012). Before sentencing, the district court ordered Adult Probation and Parole (AP&P) to prepare a presentence report (the Report). The Report contained AP&P's recommendation that Defendant "be sentenced to the Utah State Prison to the terms prescribed by law."

¶3    The Report highlighted Defendant's lengthy criminal history and documented that Defendant had been incarcerated for seventeen of the last nineteen years. The criminal history involved both state and federal felonies, a prior assault adjudication, multiple convictions for possessing controlled substances or possessing controlled substances with intent to distribute, and multiple weapons charges. The Report further outlined a dismal probation and parole history with multiple violations. According to the Report, while being held on the pending charges, Defendant had been written up on five disciplinary issues in jail. The Report also noted multiple aggravating factors and discussed potentially mitigating factors. Finally, the Report revealed that Defendant had been out of prison for only four months before he committed the string of crimes for which he was to be sentenced.

¶4    The court held a single sentencing hearing on all three cases. At the hearing, defense counsel argued that the district court should disregard AP&P's recommendation and instead place Defendant on zero-tolerance probation, including orders to help address Defendant's mental health and substance abuse

issues.[1] Counsel further argued that these issues precipitated the crimes Defendant committed. Defendant spoke at the hearing, reiterating his attorney's request that he receive treatment and work toward rehabilitation.

¶5 A representative for the victim in Case Three spoke to the court and related that, as a result of Defendant severely beating the victim and strangling her to unconsciousness, the victim now suffers from post-traumatic stress syndrome, severe depression, and double vision.

¶6 The State urged the district court to impose consecutive sentences, given "the violent nature of one offense and the separate criminal episodes," arguing that the sentencing was for separate cases and that each should have separate accountability. The district court inquired whether the defense wanted to respond further, and the defense declined.

¶7 The district court followed the recommendation of the State, sentencing Defendant to two indeterminate zero-to-five-year prison terms and one indeterminate one-to-fifteen-year prison term, all to run consecutively. In doing so, the district court acknowledged Defendant's "concerning" history; "the horrendousness of what occurred" in the aggravated assault case, saying "it's appalling"; and the "substantial reductions" in charges that had taken place through plea negotiations "to even get where we are today."

¶8 Defense counsel urged the district court to reconsider its imposition of consecutive sentences, arguing "something that wasn't mentioned, but from what I recall, part of this plea deal

---

1. Defense counsel suggested that the court should order Defendant to serve a year in jail, after which he should be enrolled in and complete a treatment program as a condition of probation.

was that the recommendation would be that they'd run concurrent to each other."[2] The district court asked which plea form indicated the agreement to recommend concurrent sentences, and defense counsel answered, "It's not on the plea form, so." The district court replied, "So no, I've made my order, and I'm not making any modifications to that."

¶9 Defendant now asks us to reverse the district court's sentencing determinations and remand for resentencing, arguing that the district court abused its discretion by imposing consecutive sentences. "A court abuses its discretion in imposing consecutive sentences only if 'no reasonable [person] would take the view [adopted] by the [sentencing] court.'" *State v. Thorkelson*, 2004 UT App 9, ¶ 12, 84 P.3d 854 (first and third alterations in original) (quoting *State v. Gerrard*, 584 P.2d 885, 887 (Utah 1978)). This standard includes a requirement that sentencing courts "consider all legally relevant factors" and not impose sentences that are "clearly excessive." *See State v. Lingmann*, 2014 UT App 45, ¶ 34, 320 P.3d 1063 (citation and internal quotation marks omitted). Sentencing courts "have no obligation to make findings of fact, and we generally presume that the district court appropriately considered all the relevant evidence and statutory factors." *Id.* ¶ 35.

¶10 In Defendant's view, the district court erroneously "consider[ed] information that was not reasonably relevant or reliable" because it "considered the reductions and dismissals of charges pursuant to plea negotiations." The State counters that although the district court mentioned the reduction of charges, it then turned its attention to Defendant's "criminal history and

---

2. Defense counsel acknowledged that the "assault is a very bad charge" but asked that, since "the other two charges are drug-related theft and retail theft," the district court "consider at the very least making . . . the possession and the auto theft concurrent to each other."

the circumstances of the aggravated assault before imposing consecutive sentences." In the State's view, the context suggests "that the trial court was simply making a comment about the plea-deal reductions, rather than relying on them as a material sentencing consideration." Alternatively, the State argues that even if the district court relied on the reduction of charges in making its sentencing determinations, such reliance was not improper.

¶11   In *State v. Williams*, 2006 UT App 420, 147 P.3d 497, we reviewed a sentence imposed by a district court that had "expressed its concern that the gravity of Williams's alleged actions was not adequately reflected in his plea bargain." *Id.* ¶ 30. The district court further "characterized the reduction of [the] charges . . . as a '[p]retty good plea deal.'" *Id.* (second alteration in original). We relied on these facts to support our conclusion "that the court considered the gravity and circumstances of Williams's crimes." *Id.* Thus, in *Williams*, we did not disapprove of the lower court's discussion of the defendant's plea deal at sentencing. *See id.* In fact, we considered that discussion as tending to show that the court had properly weighed relevant factors. *See id.*

¶12   Defendant does not address *Williams* in his brief. He instead asserts, "Dismissed or reduced charges are not 'relevant and reliable information regarding' the gravity and circumstances of [his] 'crime' or [his] 'background,'" by citing *State v. Wanosik*, 2001 UT App 241, ¶ 34, 31 P.3d 615, *aff'd*, 2003 UT 46, 79 P.3d 937. The cited portion of *Wanosik* does not discuss the use of dismissed or reduced charges in making sentencing determinations. *See id.* Instead, it deals with the general requirements of due process when sentencing a criminal defendant, including that the "sentencing judge act on reasonably reliable and relevant information" and that the sentence "be appropriate for the defendant in light of his background and the crime committed and also serve the

interests of society which underlie the criminal justice system." *Id.* (citations and internal quotation marks omitted).

¶13 While we agree with the general propositions asserted by Defendant, we disagree with his specific contention that dismissed or reduced charges are irrelevant or unreliable information regarding the gravity and circumstances of Defendant's crime or background. *Cf. Williams*, 2006 UT App 420, ¶ 30. And we conclude that the reasoning of the *Williams* court is applicable here. The State had charged Williams "with two felonies for possessing two different controlled substances, as well as three misdemeanor charges for possessing drug paraphernalia, carrying a concealed weapon, and giving false identifying information to police." *Id.* When he pled guilty to two counts of attempted drug possession in exchange for the State dismissing "several lesser counts," *id.* ¶ 2, the sentencing court called this "a '[p]retty good plea deal,'" *id.* ¶ 30 (alteration in original).

¶14 Similarly, in the present case, the district court noted "substantial reductions" in charges had taken place through plea negotiations "to even get where we are today." The circumstances of the assault, as well as the other charges, were described in full narratives in the Report. Defendant took no issue with the descriptions, even when twice expressly invited by the district court to do so. Defendant's assault charge stemmed from an incident involving his girlfriend. She was driving when Defendant grabbed the steering wheel. The girlfriend responded by hitting his arm, and he reciprocated by punching her in the cheek, continuing to punch her until she got out of the car, following her out of the car and forcing her into the backseat, sitting on top of her legs while he punched her in the face, putting his hands around her neck, and strangling her until she passed out. He was initially charged with first-degree-felony aggravated kidnapping and second-degree-felony aggravated assault. The third-degree-felony aggravated assault

charge to which he ultimately pled guilty appeared in an amended information after plea negotiations.

¶15 Just as the sentencing court in *Williams* addressed Williams's "good plea deal," which we viewed as evidence of that court considering the gravity and circumstances of Williams's crimes, so too did the district court in this case consider Defendant's reduced charges—or good plea deal—in considering the gravity and circumstances of Defendant's crimes. *See id.* (internal quotation marks omitted). And because sentencing courts are required to impose sentences that are "appropriate for the defendant in light of his background and the crime committed" in order to comply with due process requirements, *see Wanosik*, 2001 UT App 241, ¶ 34 (citation and internal quotation marks omitted), we cannot say that the district court abused its discretion by considering the totality of the circumstances underlying Defendant's guilty pleas.

¶16 Defendant's next contention on appeal is that even if the district court properly considered the conditions surrounding Case Three, it failed to "consider the gravity and circumstances of [Case One and Case Two], but based the consecutive sentences on the facts of [Case Three] alone." In his view, the circumstances surrounding Cases One and Two "were relatively minor, consisting of carrying a small amount of drugs and taking an unoccupied vehicle and then parking it nearby a short time later." He argues that "the trial court failed to consider that the gravity and circumstances of two of the three offenses were relatively minor. Thus, the trial court's order to run all three sentences consecutive was an abuse of discretion."

¶17 Defendant's argument finds its origin in section 76-3-401 of the Utah Code, which outlines limitations on the imposition of consecutive sentences. *See* Utah Code Ann. § 76-3-401 (LexisNexis 2012). The law requires that when "a defendant has been adjudicated guilty of more than one felony offense," the sentencing court shall determine "whether to impose concurrent

or consecutive sentences for the offenses," and the decision must be stated on the record. *See id.* § 76-3-401(1). In making this decision, "the court shall consider the gravity and circumstances of the offenses, the number of victims, and the history, character, and rehabilitative needs of the defendant."[3] *Id.* § 76-3-401(2). As we briefly mentioned above, *see supra* ¶ 9, we entertain a presumption that sentencing courts considered all necessary statutory factors, *see State v. Lingmann*, 2014 UT App 45, ¶ 35, 320 P.3d 1063 ("[W]e generally presume that the district court appropriately considered all the relevant evidence and statutory factors."). Our supreme court has directed that, except in certain circumstances, "we will not assume that the trial court's silence, by itself, presupposes that the court did not consider the proper factors as required by law. To do so would trample on the deference this court usually gives to the sentencing decisions of a trial court."[4] *State v. Helms*, 2002 UT 12, ¶ 11, 40 P.3d 626. Thus, in considering Defendant's contention, we begin with the presumption that the district court considered the "gravity and circumstances of the offenses" as well as "the number of

---

3. Defendant separately challenges the district court's consideration of his history, character, and rehabilitative needs. *See infra* ¶¶ 22–23; *see also* Utah Code Ann. § 76-3-401(2) (LexisNexis 2012).

4. The circumstances outlined by the court "are normally limited to situations where (1) an ambiguity of facts makes the assumption unreasonable, (2) a statute explicitly provides that written findings must be made, or (3) a prior case states that findings on an issue must be made." *State v. Helms*, 2002 UT 12, ¶ 11, 40 P.3d 626.

victims." *See* Utah Code Ann. § 76-3-401(2); *Lingmann*, 2014 UT App 45, ¶ 35.[5]

¶18    Defendant offers no persuasive rebuttal of this presumption. It is true that the district court did not directly reference its consideration of the gravity and circumstances, or the number of victims, in Case One and Case Two. But that silence is insufficient to lead to a conclusion that the district court abused its discretion. *See Helms*, 2002 UT 12, ¶ 11. Furthermore, there is evidence on the record that affirmatively supports an inference that the district court considered the gravity, circumstances, and number of victims in Case One and Case Two. The court had before it the Report, which discussed each of the three cases separately, including a factual summary for each case, Defendant's statement about each case, and a victim impact statement for each case.

¶19    In *Helms*, the supreme court concluded that where a presentence report contained "detailed information regarding not only the gravity and circumstances of the offenses, but also the history, character, and rehabilitative needs of the defendant," and the sentencing court represented that it had read the report "rather carefully," the record contained "evidence to suggest that the trial court did consider all of the factors." *Id.* ¶ 13 (internal quotation marks omitted). And pointing to the existence of "a brief sentencing order" and "circumstances favorable to" the defendant was not sufficient to meet the defendant's burden of showing "that the trial court did not properly consider all the [relevant statutory] factors." *Id.* ¶ 16.

---

5. While our case law establishes this general presumption that a district court considered all the relevant evidence and statutory factors, and while findings are not required, it is nevertheless a preferred practice for district courts to state on the record the considerations made as outlined by Utah Code section 76-3-401(2).

¶20    In the present case, the Report directly addressed the gravity and circumstances of each case, as well as the number of victims for each case. While the district court did not explicitly mention its review of the Report, it did discuss the Report in a way that reveals familiarity with it. The court twice asked defense counsel whether there were any errors or omissions in the Report. The court referenced Defendant's history, which it found "quite concerning." Defendant's history had not otherwise been addressed at that point in the sentencing hearing, but it was covered in detail in the Report, suggesting that the district court reviewed the Report in order to know Defendant's history. The prosecutor referred to "a restitution number in the [Report]," which the district court knew was "at least $11,569.44," again suggesting that the district court reviewed the Report. Given the district court's familiarity with the contents of the Report, and particularly in light of Defendant's inability to point to contrary evidence, we are confident that the district court "read and considered [the Report] in making its decision." *See State v. Epling*, 2011 UT App 229, ¶ 11, 262 P.3d 440.

¶21    Furthermore, Defendant focuses his argument on appeal on circumstances favorable to him—discussing what he deems to be "relatively minor" offenses. *Cf. Helms*, 2002 UT 12, ¶ 16. But, as in *Helms*, this focus on a self-serving view of the facts is insufficient to overcome the presumption afforded to the district court. "Thus, there is nothing in" the record regarding Defendant's sentencing "that convinces us that the trial court exceeded its discretion by failing to consider" the gravity and circumstances and number of victims in Case One and Case Two. *See Epling*, 2011 UT App 229, ¶ 11.

¶22    Defendant's final argument on appeal is that the district court failed to consider his "history, character, and rehabilitative needs." (Quoting Utah Code Ann. § 76-3-401(2).) He points out that his "criminal history does not include violent crimes, [that] he admitted responsibility for his crimes, and [that] he expressed a commitment and hope to improve himself." The Report

addressed Defendant's history, character, and rehabilitative needs in detail. And, just as we presume that the district court's reliance on the Report means it considered the gravity and circumstances of his offenses, so too must we presume that the court considered Defendant's history, character, and rehabilitative needs. *See State v. Helms*, 2002 UT 12, ¶ 13, 40 P.3d 626 ("As noted above, the presentence report contains detailed information regarding not only the gravity and circumstances of the offenses, but also the history, character, and rehabilitative needs of the defendant. . . . All this, the trial court stated, it had read rather carefully, which evidences that the trial court did consider Helms' history, character, and rehabilitative needs." (internal quotation marks omitted)).

¶23 Moreover, the Report contains significant discussion of mitigating factors, including Defendant's regular contact with his children, letters submitted on his behalf, his cooperative attitude, and his apparent honesty. The presence of this mitigating information in the Report indicates that the district court considered Defendant's history, character, and rehabilitative needs in light of relevant mitigating factors and concluded that consecutive sentences were appropriate. Under these circumstances, we will not second-guess the district court's sentencing decisions.[6]

---

6. Defendant separately argues that his sentences were illegal and should be corrected under rule 22(e) of the Utah Rules of Criminal Procedure. However, he makes this argument in the alternative, asking us to consider it if we determine that his arguments on appeal are unpreserved. Because we reach the merits of Defendant's arguments as they were briefed and conclude that his sentences were proper, we need not reach the alternative argument. Additionally, rule 22 has a precise and narrow application to situations when a sentence "is ambiguous with respect to the time and manner in which it is to be served, is

(continued…)

¶24    We conclude that the district court did not abuse its discretion in sentencing Defendant to three consecutive prison terms. The district court did not err by considering the plea negotiations, because doing so went to the gravity and circumstances of Case Three. The district court adequately considered the gravity and circumstances and number of victims of Case One and Case Two when it considered the Report, which contained that information. And where the Report also contained Defendant's history, character, and rehabilitative needs, the district court also adequately considered those factors. We therefore affirm Defendant's sentences.

————

(…continued)
internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize." *See State v. Yazzie*, 2009 UT 14, ¶ 13, 203 P.3d 984 (citation and internal quotation marks omitted); *see also State v. Houston*, 2015 UT 40, ¶ 18, 353 P.3d 55. None of those circumstances seems to exist in the present case.